Wheeler, J.
The objection that tlie amended petition came too late would seem to have been entitled to more favor had not the answer of the defendants been obnoxious to the same objection. It was tiled on the preceding day; and on that and the day of trial the defendants iiled several motions." The answer and motions urged a multiplicity of exceptions and objections to the sufficiency of the petition and the regularity of the proceedings. Tlie defendants having reserved their objections till so late a moment, and having thus urged them upon the eve of the trial, ought not, it would seem, to have been heard with favor to object that the amended petition which sought to answer and obviate their objections came too late because not filed until tlie calling of the cause.
The amendment offered did not change the issues of fact. It very needlessly reiterated the matters contained in the original petition, but introduced no new matter presenting any issue of fact, or requiring to be supported or repelled by proof. It simply sought to obviate an objection taken to the jurisdiction of the court by averring that one Wood, who had been summoned as garnishee, and who resided in that county, was indebted to the defendants. The objection, therefore, that the amendment took the defendants by surprise was manifestly frivolous and uufounded.
The court must have a discretion to refuse amendments which unnecessarily or unreasonably delay the trial or operate to the prejudice of Ihe opposite part}'. But such does not appear to have been the effect of the amendment in this instance.
The discontinuance as to the defendant Holt afforded nog round for dismissing the ease. By his pleas and the admissions of his co-defendants, McKee and Bnllcley, he was not a joint contractor with them, and was, therefore, improperly joined in the action. Tlie case comes clearly within the principle determined in the ease of Austin & Clapp v. Jordan. (5 Tex. R., 130.) It was tlie rlghtof the plaintiff to discontinue as to the defendant Holt, and proceed against tlie other defendants. It was error, therefore, to dismiss the case on account of the discontinuance; and this is the only ground now relied on in support of the judgment.
*170 But the. record presents other grounds for dismissing- the case, taken hy exceptions and motions in the court below, which'authorized the judgment of dismissal, and which therefore will require its affirmance.
Ir appears from the petition that all the parties to the suit except the defendant Tilomas were non-residents of the State, and that at the commencement of the suit lie resided in the county of Cherokee, and yet this suit is brought in llie county of San Augustine. There is no averment that Ihe nonresident defendants had property or effects of any kind within tiie jurisdiction of the court, nor does the petition pray an attachment. The residence of tiie defendant Thomas in the State is the only fact appearing- in the petition to give the court jurisdiction, and he was not sued in the county of his residence'nor legally served with process, the citation to him being- returned “served by “reading.” He might have appeared and submitted to tiie jurisdiction of tiie court, hut he did not, and there was no authority, without legal service, to proceed to judgment against him. An attachment and writ of garnishment had been issued upon and tiled contemporaneously with the petition. But, if the process of attachment could legally have issued without a prayer to (hat effect in the petition, there was a motion to dismiss for the want of a sufficient bond, and the bond was insufficient in not containing (he proper names of tiie parties, plaintiff and defendant, in tiie attachment. (Hart. Dig., art. 14.) Tiie attachment therefore must have been dismissed, and with it'the writ of garnishment. There was no attempt or offer to perfect service on the defendant Tilomas. Such was the position of the ease when it was called for trial. The amendment then offered averred no fact as having- existed at the time of bringing- the suit to give (lie court jurisdiction, and the want of it was one of the grounds of exception to the petition. The court could not proceed to judgment against the defendant Tilomas without service, nor upon (lie subject-matter of the attachment and garnishment. These being defective and invalid, and all the other parties to the suit being non-resident, there was nothing to which the jurisdiction of the court could attach. The ease was therefore rightfully dismissed, and tiie judgment is affirmed.
Judgment affirmed.
Noth 63. — If both parties resido without the limits of this State, our courts have jurisdiction of the action where the defendant has property or rights and credits within tins State, and tile plain tiff seeks to subject them to the payment of his demand, or claims some right respecting such property, or rights and credits. (Ward v. Lathrop, 11 T., 287.) When the plaintiff is a resident of this State, it is not essential to tiie jurisdiction of tlio court, in an action in per-sonam, that the defendant should resido or have property in this State, nor, it seems, that the cause of action should have arisen therein. (Butterworth v. Kinsey, 14 T., 495: Mickie v. McGehee, 27 T., 134.)