THE PEOPLE v. DAVID W. TITMUS.

*Criminal law—Perjury—Unauthorized oath.*

Under How. Stat. § 9236, which provides that, "if any person of whom an oath shall be required by law shall willfully swear falsely in regard to any matter or thing respecting which such oath is authorized or required, such person shall be deemed guilty of perjury," a charge of perjury cannot be predicated upon the sworn statements of a person who was subpoenaed to appear before a justice of the peace to furnish testimony upon which to base a complaint for a violation of the liquor law, no complaint, oral or written, having been made to the justice, at the time said statements were made, of the commission of such offense.

Error to Livingston. (Person, J.) Submitted on briefs June 29, 1894. Decided October 16, 1894.

Respondent was convicted of perjury, and sentenced to imprisonment in the State House of Correction and Reformatory at Ionia for two years. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*S. S. Abbott* and *L. S. Montague*, for respondent.

*A. A. Ellis*, Attorney General, and *D. Shields*, Prosecuting Attorney, for the people.

McGRATH, C. J. Respondent was convicted of perjury. It appears that on the 2d day of March, 1894, a subpoena was issued by a justice of the peace, commanding the respondent to appear before said justice forthwith, to testify "in an action now pending before me, and then and there to be tried, between the people of the State of Michigan, plaintiff, and James Hoag, defendant," etc. Respondent appeared, and was examined upon oath, and the charge is predicated upon the statements then and there made.

Upon the trial in the circuit, upon cross-examination, the justice testified as follows:

"Sheriff Chase came in, and requested me to subpœna Mr. Titmus to come before me and testify. He said he wanted to see if there was testimony enough to make complaint against the saloon-keepers. There was not then a complaint before me. A complaint had not been made before me for the arrest, or a complaint of the violation of the law by Mr. Hoag; that is, there had been no written complaint made at that time, and no complaint under oath, and there was yet no complaint of any violation of this liquor law, concerning these men, and there was no such complaint up to the time of the issuing of the subpoena and the time of taking the testimony, and there was no judicial inquiry or proceedings before me at the time I issued the subpoena, or at the time of taking the testimony. The complaint written against Mr. Hoag was made on the 5th day of March, three days after the taking of the testimony of respondent. Sheriff Chase made the complaint. I did not examine any other witnesses, or take any other testimony, except the foregoing.

"*The Court:* I wish you would ask if the sheriff had made any complaint not under oath. (To which the respondent, by his counsel, objected. The testimony was taken subject to the objection, and excepted to.)

"*A.* Yes. The sheriff came into my office before I issued the subpoena, and said the circuit judge had ordered him to get out a subpoena, and subpoena some witnesses, and see if he had sufficient cause to make complaint against Mr. Hoag and Mr. McDonough, I think, and any others; and he requested me to issue some subpoenas, and this is the one I have issued. The sheriff at that time claimed the offense to have been committed on the 1st day of January last, in the saloon of Benjamin Hoag, in Fowlerville, in this county; and he wanted to discover, also, if he could, whether there was any other offense committed on that day in the village of Fowlerville, in this county. The offense and offenses mentioned were for violation of the liquor law. It was a well-known fact that whisky had been sold upon that day, and from the trial of the case in the circuit court, that had just been determined before that (in which I was an attorney), of course he knew that I knew what he wanted, so he (sheriff) did not explain very much what he did want. The case I refer to is the

case of the People v. Bristol, William Brooks, and Fred Miller, tried here in this court-room before a jury. Before issuing a subpoena, some testimony had been given in that case about the saloon of Hoag having been opened on January 1."

Upon this testimony, it cannot be seriously insisted that a complaint was pending before the justice when the subpoena was issued, or when the testimony was taken upon which the charge is based. It is true that in answer to a question put by the court, as to whether the sheriff had made a complaint not under oath, an answer is given in the affirmative; but this is a legal conclusion, unsupported by the statement of facts. The justice proceeds at once to give just what the sheriff did say, viz., that he had been ordered to get out the subpoenas, "and see if he had sufficient cause to make complaint against *Mr. H. and Mr. McD., and any others.*"

The language of the statute defining the offense here charged is:

"If any person of whom an oath shall be required by law shall willfully swear falsely in regard to any matter or thing respecting which such oath is authorized or required, such person shall be deemed guilty of perjury." How. Stat. § 9236.

The information alleged that on the 2d day of March, 1894, at, etc., " complaint in due form of law  *  *  * having then and there been made."

In *People v. Fox,* 25 Mich. 492, 496, Mr. Justice COOLEY, speaking for the Court, says:

" There must be an oath authorized by law, an issue or cause to which facts were material, and a false statement regarding such facts upon such issue or in such cause. Such would be the case at the common law, and, if it be claimed that this is statutory perjury, the information is not aided, for, by the statute, it must appear that the oath is one required or authorized by law.  *  *  * Had the information alleged that the affidavit was used on the hearing of the motion, a different case would have been

presented, which might require consideration; but that was neither alleged, nor, consequently, could be proved.    In fact, the record shows that it was not filed until the day after the motion was heard; but this, under this information, was immaterial."

See, also, *People v. Gaige,* 26 Mich. 30.

The judgment must be reversed, and the respondent discharged.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.