CASE 67—INDICTMENTS—JANUARY 19.

$$\begin{array}{cc} 96 & 407 \\ 99 & 495 \end{array}$$

# Commonwealth v. Hillenbrand.

# Commonwealth v. Gibbs.

APPEALS FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. ONE CAN NOT BE CONVICTED OF FALSE SWEARING for giving false testimony before a committee of aldermen, raised by the general council of a city of the first class to carry on an investigation looking to the punishment or expulsion of a member of the board of councilmen, the committee having no authority to carry on such an investigation or to swear witnesses. The authority to punish or expel an offending member is lodged in that particular board of which he may be a member, and neither the other board nor the general council can carry on an investigation looking to his punishment or expulsion.

2. SAME.—As the resolution of the general council under which the investigation in question here was conducted did not become effective until February 28, 1894, the action of the committee on February 27, 1894, was a nullity, and witnesses can not be convicted of false swearing for giving false testimony before the committee on that date even if the general council had power to appoint the committee.

3. SAME—INDICTMENT.—As the charge upon which the investigation was to be had by the committee was that of bribery in the election of a Sealer of Weights and Measures, the indictments are defective in failing to allege facts showing that an election for this office had been or was to be held at which the bribery occurred. And the indictment is also defective in failing to show that such an election was authorized under the law and before whom, etc.

4. SAME.—The resolution under which the committee was acting is to be read as if a part of the indictment for the purpose of showing the charge to be investigated.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

If it be conceded that the law did not authorize an investigation of the conduct of any member of the board of aldermen selected by the board of councilmen, it yet remains that the appellants were required to be sworn and were sworn by a person authorized by law to administer an oath. This answers the requirements of the statute.

O'NEAL, PHELPS, PRYOR & SELIGMAN FOR APPELLEE HILLENBRAND.

1. The indictment charges that the "General Council" of the city of

Louisville appointed the committee and caused the investigation, &c.; but there is no provision in the city charter that gives to the "General Council" any power in this direction. (Charter of the city of Louisville, secs. 3, 9.)

Neither the mayor of a municipality nor one of the boards of council can delegate to some other sub-division of the municipality the powers or authority which the law confers upon them. (Dillon on Mun. Corp., sec. 779 )

2. As it does not appear from the facts alleged in the indictment that the matter in which the accused was sworn was judicially pending, or that it was one in which he could legally be sworn or was required to be sworn, or that he was sworn by a person authorized by law to administer the oath, the requirements of the offense of false swearing are wanting. (Commonwealth v. Powell, 2 Met., 10; Biggerstaff v. Commonwealth, 11 Bush, 170.)

3. The matters charged to have been sworn to were not material or relevant matters, and, therefore, there could be no offense of false swearing.

JAMES B. KIRBY ON SAME SIDE.

1. The board of councilmen had no power to delegate its power to another body. (Constitution of Kentucky, sec. 156; Kentucky Statutes, secs. 2748, 2765, 2770, 2781; Dillon on Mun. Corp., vol. 1, sec. 96 and notes; People v. Nevada, 6 Col., 143; State v. Simons, 32 Minn., 540; 3 Am. and Eng. Enc. of Law, p. 698.)

2. The mayor's signature to the resolution was indispensably necessary before the witnesses could be sworn or called upon to testify. (Ky. Statutes, sec. 2795.(

3. There being no such office as "Sealer of Weights and Measures," there could not be any election for such office, nor any legal investigation of alleged frauds or corruption with respect to same. (Ky. Statutes, sec. 2755.)

4. To constitute the offense of false swearing, the subject must be one in which the accused could be legally sworn or on which he was required to be sworn.

5. The indictment is fatally defective, because it fails to show or recite the resolution authorizing the investigation, or that the resolution had previously been signed by the mayor. (Kerfoot v. Commonwealth, 89 Ky., 174; Ky. Statutes, sec. 2795.)

THOMAS F. HARGIS FOR APPELLEE GIBBS.

The cases of Kerfoot v. Commonwealth, 11 Ky. Law Rep., 392, and Biggerstaff v. Commonwealth, 11 Bush, 170, settle the material questions raised by the demurrer, and show very clearly that the statements of the indictment do not make out the offense of false swearing.

A list of all the important cases on false swearing decided by the Court of Appeals of Kentucky: Commonwealth v. Powell, 2 Met., 11; Roundtree v. Roundtree, Sneed, 69; Ross v. Commonwealth, 14 Ky. Law Rep., 590; Commonwealth v. Scowden; 13 Ky. Law Rep., 404; Commonwealth v. Kane, 13 Ky. Law Rep., 655; Commonwealth v. Davis, 13 Ky. Law Rep., 676; Dowdy v. Commonwealth, 13 Ky. Law Rep., 350; Commonwealth v. Edison, 10 Ky. Law Rep., 340; Wells v. Commonwealth, 9 Ky. Law Rep., 658; Commonwealth v. Smock, 8 Ky. Law Rep, 143; Commonwealth v Still, 8 Ky. Law Rep., 208; Ferguson v. Commonwealth, 8 Ky. Law Rep., 257; Sikes v. Commonwealth, 4 Ky. Law Rep., 619; Woolsey v. Commonwealth, 4 Ky. Law Rep., 353; Biggerstaff v. Commonwealth, 11 Bush, 170; Renan v. Commonwealth, 2 Ky. Law Rep, 66; Hargroves v. Commonwealth, *Idem;* Kerfoot v. Commonwealth, 11 Ky. Law Rep., 392; Simpson v. Commonwealth, 11 Ky. Law Rep., 619.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

These cases involve the same legal questions and will be determined together.

The indictments are for false swearing, and are alike in form save as to the matter alleged to have been sworn to by each appellee. Demurrers thereto were sustained by the lower court and the Commonwealth has appealed.

The charge in each indictment is that the defendant therein "did willfully, falsely and feloniously swear, state and depose before a committee of the board of aldermen of the city of Louisville, said committee having been appointed by the president of the board of aldermen in pursuance of a resolution passed by the general council of the city of Louisville, authorizing the appointment of a committee for the purpose of investigating and reporting upon the charges of corruption against the members of the general council of the city of Louisville; that said committee was organized by the election of E. R. Palmer as chairman, and was composed of five members of the board of alder-

men; and said Hillenbrand (and Gibbs) having then and there been duly sworn by Honorable Henry S. Tyler, Mayor of the city of Louisville, a person legally authorized by law to administer an oath before said committee, and at said investigation said Hillenbrand (and Gibbs) did feloniously and falsely and willfully swear, state and depose as follows:" (Here follows the matters alleged to have been sworn to by each, and averments of their falsity.)

"That said Hillenbrand (and Gibbs) did so willfully, falsely and feloniously swear, state and depose as aforesaid, well knowing at the time that each and every one of said statements were false, contrary to the form," &c.

As explanatory of the allegations of the indictments, the resolution of the general council raising the committee of aldermen, before which the alleged false swearing was done, was read and considered on the trial of the demurrers. The resolution recites, in substance, that, "whereas, a publication in one of the city newspapers was to the effect that members of the board of councilmen had accepted money and bribes for their votes for the election of a candidate for Sealer of Weights and Measures, which had a tendency to impeach the character of said board, it was therefore resolved that a committee of five from the board of aldermen be appointed to investigate the said charge, and to take testimony on said subject, with authority to send for persons and papers, and make a full investigation as to who and what members, if any, of this board of councilmen had accepted money or bribes, or had agreed to do so for their votes

for the election of a candidate for Sealer of Weights and Measures, and to make report of such investigation, with the names of the offending members, and the names of the persons approaching them or offering them money or bribes for their votes."

This resolution was approved and became obligatory or effective on February 28, 1894.

It will be observed that, according to the indictments, the matters to be investigated by the committee of five were "the charges of corruption against the members of the general council of the city of Louisville."

According to the resolution, the accusation made was, "that members of the board of councilmen had accepted and received money and bribes for their votes for the election of a candidate for Sealer of Weights and Measures;" and the committee of aldermen were "appointed to investigate and to take testimony as to who and what members of the board of councilmen had taken bribes for their votes for said election of Sealer of Weights and Measures for the city of Louisville."

It is important to understand the subject-matter of the investigation thus placed in the hands of the committee, as well as the victims thereof, in order to ascertain whether or not the law creating these boards of councilmen and aldermen cast the duty or imposed the authority upon the investigating committee of five aldermen, thus raised by the resolution of the general council, to do that which the terms of the resolution demanded. If such a duty did not devolve on the general council as the appointment of

this committee, or rather if there was no authority of law for such action, the committee manifestly could not legally investigate, and would, therefore, be without authority to swear witnesses or have them sworn before it. Under such circumstances, no one could be lawfully convicted of swearing falsely before it. If the committee was illegally constituted, it was without authority of law to hear the testimony offered, and the accused could not be "legally sworn," or required to be sworn at all.

The law creating these boards and determining their authority is found in the Kentucky Statutes, as follows:

"§ 2765. The legislative power of said cities," meaning cities of the first class, "shall be in a *board of twenty-four councilmen* and in a *board of twelve aldermen*, which shall be styled the *General Council*."

A succeeding section provides for the separate organization of each of these boards, and section 2771 provides that "each board shall judge the eligibility and the election of its members, adopt rules for its proceedings, and punish its members for disorderly conduct. Two-thirds of the members-elect concurring, either board may expel a member, but not twice for the same cause. Vacancies in either board shall be filled by the general council in joint session."

These are the only provisions on the subject of the punishment or the expulsion of members of either board. And it would seem that authority to punish or expel a member is lodged in that particular board of which he may be a member.

It is true that all are members of the general coun-

cil, but the general council is nowhere given any authority to punish or expel a member. That right is conferred on *each* board, and as every member of the council is necessarily a member of one of the boards, ample provision would seem to exist for the punishment or expulsion of each and every offending member.

The law does not, in terms, authorize any investigation, but punishment for disorderly conduct could not be imposed or expulsion for cause be enforced without it.

Investigation is, therefore, authorized by necessary implication, but it must be one looking to the punishment or expulsion of a member, and as the penalty can be inflicted only by each board on its own members, the investigation of a member, which is authorized by law, must be carried on by the board to which he belongs.

Can the board of aldermen investigate, in any legal way or under any legal sanction, the members of the board of councilmen? Or, can the general council, itself without authority to punish or expel a member, authorize the board of aldermen or raise a committee of aldermen to carry on an investigation looking to the punishment or expulsion of members of the board of councilmen? We think not, and yet this is the tribunal charged with the trial of certain offending members, when the appellees, Hillenbrand and Gibbs, were called on to testify, and before which body they are charged with testifying falsely.

We think the subject-matter under investigation before this tribunal was not one on which the accused could be legally sworn, or on which they could be

required to be sworn; nor were the persons to be investigated triable by such a committee. Moreover, as we have seen, the resolution became effective for the first time on February 28th, 1894. The indictment in the Gibbs case gives the date of the investigation at which the accused is charged to have sworn falsely as to the purchase of a member of the council as of February 27th, 1894, and the judgment of the lower court rendered in both cases recites as an agreed fact "that the investigation at which it is claimed that the accused swore falsely was held on February 27th, 1894, or the night before the resolution became obligatory."

The whole proceeding was, therefore, a nullity. The learned judge below properly asked: "How could one be legally sworn upon a subject which was being illegally investigated, and by a forum without authority to investigate?"

Again, we have seen that the charges upon which the investigation was to be had by the committee were those of bribery in the election of a Sealer of Weights and Measures. We should expect to find, therefore, some statement in the indictment showing that an election for this office, if there be such an office, had been or was about to be held at which the bribery occurred. In other words, the occasion or purpose of the investigation must appear, and it must be shown to have been one authorized by law. And how shall we know the lawfulness of the purpose unless the facts are stated?

The indictment says the purpose was to investigate "the charges of corruption," which is too indefinite.

The resolution which is to be read as if a part of the indictment, makes the charge more specific—that of "bribery at an election for a sealer of weights," &c. Was there any such election authorized under the law? If so, before whom, &c., &c.

These inquiries are important, because we must know whether or not the matters about which the witnesses had been interrogated could be made the subject of a lawful investigation.

Other defects fatal to the indictment are urged by counsel, but those mentioned are sufficient to indicate the correctness of the ruling below.

Judgment affirmed.