## WILL CURTLEY v. THE STATE.

### No. 2240. Decided October 14, 1900.

**1. Indictment—Setting Out Name of Defendant.**

The better practice is to set out the name of the defendant in the beginning of the indictment. But where it is made to appear in the body of the indictment that it was intended to charge defendant (naming him) with the offense, and it further appears that the allegations point him out with due certainty as the party committing the offense, this will be sufficient, though he was not distinctly charged by name in the beginning of the indictment.

**2. Perjury—Court Where Committed—Variance.**

On a trial for perjury alleged to have been committed before W., a justice of precinct No. 1, J. County, where it is shown to have occurred at a trial before said W., the justice, it was no variance in failing to prove the particular precinct as alleged.

**3. Same—Swearing Jury.**

On a trial for perjury, it should be alleged in the indictment, and shown that the jury were sworn to try the issue joined between the State and the defendant.

**4. Same—Proof that Defendant Was Sworn as a Witness.**

On a trial for perjury by a witness, it is absolutely essential, not only to allege in the indictment, but also to prove on the trial, that the defendant was sworn as a witness, in the manner required by law, in the court and in the case in

which the perjury is charged to have been committed. No inference can be indulged as to this matter, for witho   proof that the witness was sworn, the offense of perjury is not established.

APPEAL from the District Court of Jackson. Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of perjury; penalty, five years imprisonment in the penitentiary.

The indictment reads as follows, viz: "In the name and by the authority of the State of Texas: The grand jurors for the county of Jackson, State aforesaid, duly organized as such at the November term, A. D. 1899, of the District Court of said county, upon their oaths in said court present that on or about the 30th day of October, A. D. 1899, in the county and State aforesaid, in the Justice Court of Precinct No. 1 of Jackson County, Texas, said justice court then in session and of which said court J. A. White was then and there the legally qualified judge; there was pending a certain criminal judicial proceeding wherein the State of Texas was plaintiff and one Will Curtley was defendant; wherein the said Will Curtley was duly and legally charged by complaint with having, on or about the 28th day of October, 1899, in Jackson County, Texas, made an assault in and upon Tobe Parlor, and with then and there having struck the said Tobe Parlor with his hand, and of which said judicial proceeding the said court then and there had jurisdiction; and wherein issue was then and there duly joined between the State of Texas and the said Will Curtley, before the said judge and jury duly organized to try said issue; and Will Curtley did then and there personally appear before said court and there take his corporal oath and was duly sworn as a witness in said case; said oath then and there duly administered to him by J. A. White, the judge of said court, who was then and there authorized by law to administer the same, and which said oath was required by law and was necessary for the ends of public justice; whereupon it then became and was the material inquiry before said judge and jury in the trial of said judicial proceeding, whether the said Will Curtley did on or about October 28, 1899, in Jackson County, Texas, strike the said Tobe Parlor, and the said Will Curtley did then and there before said judge and jury, upon the trial of said cause, under the sanction of his said oath administered to him as aforesaid, willfully and deliberately state and testify that he, the said Will Curtley, did not at said time and place strike the said Tobe Parlor, and which said statement was material to the issue in said cause; whereas in truth and in fact the said Will Curtley did, at said time and place, strike the said Tobe Parlor, which said statement so made by the said Will Curtley as aforesaid, was willfully and deliberately false; and the said Will Curtley knew the same to be false when he made it, against the peace and dignity of the State.

"J. L. ABERNATHY,
"Foreman of the Grand Jury."

*O. S. York,* for appellant.—1.   There was no testimony introduced to show that the case was tried in justice court of precinct No. 1, as alleged in the indictment, which was an allegation in the indictment and should have been proven.

2.   Because there was no testimony supporting the allegation that the defendant Will Curtley was ever sworn.   It being a material allegation, was alleged in the indictment and should have been proven.

3.   Because there was no testimony supporting the allegation that the jury who tried Will Curtley, the defendant, in the justice court was ever sworn, a material allegation that required proof.

4.   Because there was no testimony supporting the allegation that the justice court had jurisdiction to try Will Curtley; a material allegation that required proof.   Lawrence v. State, 2 Texas Crim. App., 479.

5.   Because the court erred in its charge in this: the indictment charged Will Curtley with having committed the perjury in Justice Court of Precinct No. 1 of Jackson County, Texas, and the court charged the jury that the defendant committed the perjury in Justice Court of Jackson County, without any reference to what precinct he was tried in, as alleged in the indictment.

The court's charge did not require the jury to have to believe that the perjury was committed, if committed at all, in justice court of precinct No. 1, as alleged in the indictment.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at five years confinement in the penitentiary; hence this appeal.

The motion to quash the indictment was not well taken.   The authorities referred to by appellant on this subject relate to counts in the indictment, and hold that material averments in one count can not be brought forward to help out averments in a subsequent count.   The real question here is, did the indictment show the presentation by the grand jury of a charge against Will Curtley?   While it is true in the beginning of said indictment the jury do not formally charge Will Curtley with the offense but by the recitations contained in the indictment it is shown that Will Curtley is the party charged with the perjury, and this is distinctly apparent.   While it would be the better practice to set out at the beginning of the indictment the name of the party charged with the offense, and then follow it with proper allegations defining and charging the offense against such party, yet where it is made to appear that it was intended to charge defendant with the offense, and where the allegations point him out with due certainty as the party committing the offense, then it will not vitiate the indictment if the offense was ·not distinctly charged against such party in the beginning of the indictment.

Appellant also contends that the charge of the court was defective

in not stating that the perjury was charged to have been committed in Justice Court of Precinct No. 1 of Jackson County. We do not understand any particular issue to have been joined on this matter, and the court in the charge told the jury, if they believed, etc., that the judicial proceeding in which the perjury was alleged to have been committed, etc., was in the Justice Court of Jackson County, etc., to find him guilty. The indictment also alleged that the perjury was committed before J. A. White, justice of precinct No. 1 in Jackson County, and J. A. White testified that he was justice of the peace of this precinct, and was at the time said offense occurred. While it would have been better to have proven the particular precinct as alleged, yet we do not understand there is a variance. The trial was not shown to have transpired in some other precinct than the one alleged, and it is shown to have occurred before J. A. White, who was alleged to be the justice of said precinct No. 1.

It is also insisted that there is no testimony supporting the allegation in the indictment that the jury who tried Will Curtley in the justice court was ever sworn. We find no allegation in the indictment directly charging that the jury were sworn, unless it be considered the allegation "that the jury were duly organized to try said issue" is tantamount to saying that they were sworn. However that may be, it was a necessary element of the offense that the tribunal which tried Will Curtley in the justice court should have been regularly and legally organized for the trial, and, as an incident of this, it should have been shown that the jury were sworn to try the issue joined between the State and the defendant.

It is further alleged, as a second ground of the motion for new trial, that there was no testimony supporting the allegation in the indictment that defendant, Will Curtley, was ever sworn in the justice court. The indictment alleges "that said Will Curtley did then and there personally appear before said court, and there take his corporal oath, and was duly sworn as a witness in said case, said oath then and there duly administered to him by J. A. White, the judge of said court, who was then and there authorized by law to administer the same, and which said oath was required by law and was necessary for the ends of public justice." This was a necessary allegation in the indictment, and it was incumbent on the State to prove this; for without the oath taken and in the manner required by law there could be no perjury. The justice of the peace, J. A. White, states that the case was tried before him as justice of the peace and with a jury, and the said Will Curtley testified, etc. This is as near as we get to this witness having been sworn. Are we authorized to say that because he testified in the case he was sworn as a witness to testify? We know that ordinarily persons who testify in court are sworn as witnesses. Sometimes there is an exception to this rule, as where parties are permitted to give in evidence without being sworn. Sometimes, by oversight or omission, a witness may tes-

tify in the case without being sworn; but the swearing of a witness in a case of perjury, as has been said before, is the very essence of the offense. Indeed, without the oath there can be no offense. This is a substantial matter, and would always be proven, and we do not feel authorized to infer that, because he may have testified in the case against him, he was therefore sworn as a witness. Because the evidence does not support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*