### WILL PYLES v. THE STATE.

#### No. 3081.   Decided December 14, 1904.

**1.—Perjury—Indictment—Materiality—Facts Alleged.**

In an indictment for perjury it is only necessary to allege the facts upon which perjury is predicated and then show by the evidence the materiality of ·said facts; and an indictment which charges that appellant was held in a corporation court for unlawfully playing at a game with cards, etc., not a private residence, etc., and that he wilfully, falsely and deliberately swore that he did not see a game played with cards, etc., and that he had not played in any such game, etc., is sufficient.

**2.—Same—Evidence—Material Inquiry—Court of Competent Jurisdiction.**

Where the evidence does not show that the false statement was a material inquiry in a court ·of competent jurisdiction, it is insufficient to sustain the materiality of the false allegation, and where the corporation court had no jurisdiction to try any offense outside of its limits, it was immaterial whether appellant played cards outside said limits, and evidence with reference to his alleged false statement in said court is insufficient to sustain his conviction of perjury.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The following statement of the case, taken from appellant's·brief, is substantially correct:   The record in this case discloses that the appellant was tried in the corporation court in the city of Weatherford, Texas, on the 2nd day of Dec., 1903, charged with gaming, to wit: With unlawfully playing at a game of cards not at a private residence occupied by ·a family, within the territorial limits of the city of Weatherford, on Nov. 26, 1903.   On said trial the defendant was

sworn and testified in his own behalf, and testified on his direct examination that he had not played cards within the territorial limits of the city of Weatherford as charged. On cross-examination in said trial in said city court, he testified that he had not played cards at said date at a certain place west of and near the city of Weatherford; that he saw no one playing cards there; and that he and the others were out there eating, drinking and having a good time. The case was tried before the Mayor of the city of Weatherford, a jury having been waived, and appellant was convicted. The case was tried in the forenoon, and during the noon hour, the city attorney, Jno. W. Moyers, together with J. H. Burrow, policeman, and Tom Hullum, the prosecuting witness, went and viewed the scene of the alleged offense, and at the reconvening of court in the afternoon, the city attorney asked that appellant be given a new trial for the reason that he had been and viewed the ground and was in doubt as to whether or not the court had jurisdiction to try the case. Whereupon a new trial was granted and the case was dismissed. The city attorney is also assistant county attorney of Parker County, and soon after the trial in the city court filed a case in the county court against appellant for gaming based on the same transaction. The appellant pleaded guilty to the charge in the county court, and on the alleged false testimony of the appellant in the city court to the effect that he had not played at a game west of and near the town of Weatherford on the 26th of Nov., 1903; that he had seen no one playing cards, the indictment in this case is predicated.

The testimony proposed by appellant, but ruled out by the court would have shown beyond any question that the place where the cards were played was outside of and some 600 yards beyond the west boundary line of the territorial limits of the city of Weatherford.

*Hood & Shadle* and *Preston Martin,* for appellant.—The trial court erred in refusing to give the appellant a new trial herein for the reason that the mayor's court of the city of Weatherford in which the alleged perjury is claimed to have been given had no jurisdiction to try said case, and for the further reason that the alleged false testimony was wholly immaterial to any issue in said cause.

The court to determine any criminal cause must be a court of competent jurisdiction, and any judgment by a court which has not jurisdiction is not voidable, but void—a nullity. Hatch v. State, 10 Texas Crim. App., 515; Craddock v. State, 15 Texas Crim. App., 641; Wilson v. State, 11 Am. St. Rep., 180 (Texas case); McSlain on Criminal Law, Vol. 2, pages 81 and 82, sec. 858; Wharton's Criminal Law, Vol. 2, 8th Ed., sec. 1272, p. 153, et seq.; Weaver v. State, 31 S. W. Rep., 400; Meeks v. State, 24 S. W. Rep., 98; Butler v. State, 38 S. W. Rep., 46.

The mayor's court at said time was not a court of inquiry, nor was it a grand jury to investigate any alleged violations of the law, but was a trial court, sitting at a regular term to try, and trying appellant for an

alleged violation of its statutes, to wit: Unlawfully playing at a game with cards within the territorial limits of the city of Weatherford. It had no authority, nor could it have been material, to have inquired of any alleged violations, unless it was first shown to have happened within its jurisdiction. The fact that the appellant may have played cards in Parker County, Texas, outside of the territorial limits of the city of Weatherford was no evidence that he had played cards within the territorial limits of the city of Weatherford; it did not affect his credibility as a witness; it did not carry with it moral turpitude. White's Annotated Penal Code of Texas, art. 206; McClain on Criminal Law, Vol. 2, p. 85; Wharton's Criminal Law, Vol. 2, 8th Ed., sec. 1272, p. 153 et seq.; Weaver v. State, 31 S. W. Rep., 400; Meeks v. State, 24 S. W. Rep., 98; Butler v. State, 38 S. W. Rep., 46.

Is this defendant guilty of perjury in this case? By what rules of law is he to be judged? It appears to us that a fair test would be whether or not the appellant could have successfully pleaded jeopardy after having been tried in the corporation court of the city of Weatherford for playing cards at a point west of and some 600 yards outside of the territorial limits of the city of Weatherford on the 26th day of Nov., 1903. If he could not, then certainly he would not be guilty of perjury. Wharton's Criminal Law, secs. 1257 and 1272; Bishop's New Criminal Law, page 617, sec. 1027, also see, pages 630 and 631; State. v. Hall, 49 Me., 412; Com. v. Call, 32 Am. Dec. 284; Methard v. State, 19 Ohio St., 363; McGinn v. State, 50 Am. St. Rep., 617; Cyclopedia of Law and Procedure, Vol. 12, pages 196, 263, and 264; Weaver v. State, 31 S. W. Rep., 400; Meeks v. State, 24 S. W. Rep., 98; Butler v. State, 38 S. W. Rep., 46; Turner v. State, 44 S. W. Rep., 1132; Regina v. Scotton, 5 Queen's Bench, 493.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for perjury, two years being fixed as the penalty. The bill of indictment charges that appellant was held in the corporation court of the city of Weatherford for unlawfully playing at a game with cards, in said county and city, not at a private residence occupied by a family; and that appellant did then and there falsely, wilfully and deliberately testify that he did not see a game played with cards, not at a private residence occupied by a family, on the 26th day of November, 1903, and in the woods west of and near the town of Weatherford in said county; and further, that he had not played in any such game with cards, on the 27th day of November, 1903, in said county, with certain persons, naming them. Appellant made a motion to quash the indictment, because (1) it does not charge any offense against the penal laws of this State; (2) because it does not allege facts showing that the corporation court of the city of Weatherford had jurisdiction of the cause in which the alleged false testimony is claimed to have been given; (3) because the indictment does not allege that the game inquired

about was played within the corporate limits of the city of Weather-
ford; and (4) that it does not allege the facts which show any issue was
joined about which said testimony was given, and shows that the issue
was joined concerning a place west of and near the city of Weather-
ford. In Davidson v. State, 22 Texas Crim. App., 372, it is laid down
that the rule is, "That a party not only commits perjury by swearing
falsely and corruptly as to the fact which is immediately in issue, but
also by swearing falsely and corruptly as to material circumstances tend-
ing to prove or disprove such fact; and this without reference to the
question whether such fact does or does not exist. It is as much perjury
to establish the truth by false testimony as to maintain a falsehood by
such testimony." "If the statement tend even circumstantially to the
proof of the issue, it will be deemed material. (2 Arch. Crim. Prac. &
Plead., 6 ed., p. 1727.) 'Testimony tending to affect the verdict of the
jury, or extenuating or increasing the damage, and thus influencing the
judgment of the court, is material. It is not necessary that the testi-
mony should of itself be sufficient to sustain the issue in the case in
which the witness is called, or that it should change the mode of punish-
ment if in a criminal case. If it is pertinent to the issue, it is suffi-
cient.' (King v. Rhodes, 2 Ld. Raymond, 887.) 'In the case of the
State v. Hathaway (2 Nott and McCord, 118) it was said that to con-
stitute perjury it was not necessary that the particular fact sworn to
should be immediately material to the issue, but it must have such a
direct and immediate connection with a material fact as to give weight
to the testimony on that point.'" Applying the rule above quoted we
hold that the indictment is sufficient. It is only necessary to allege the
facts upon which perjury is predicated, and then show by the evidence
the materiality of said facts. Hence the motion to quash the indict-
ment is not well taken. However, applying the above rule to the facts,
we hold that the same is not sufficient to show the materiality of the
false allegation contained in the indictment, because the evidence does
not show that the false statement was a material inquiry in a court of
competent jurisdiction. The corporation court of Weatherford had no
jurisdiction to try any offense outside of its limits, and so far as the
evidence herein shows it was immaterial whether appellant played cards
outside the city limits. We do not wish to be understood as holding
that this testimony could not, under some circumstances, become mate-
rial. For instance, if A be on trial in the corporation court for un-
lawfully playing cards, and B testifies that a certain game was unlaw-
fully played at a certain place in said city, but could not state the date
of such playing except circumstantially, to wit: that on the same day
B saw A playing, he also saw A and C playing outside the corporation,
then the date of the playing outside the corporate limits would become
material in order to prove the offense of playing inside the corporate
limits, where the statute of limitations was an issue. In other words, we
hold that in order to make the testimony here the proper predicate for
perjury it must be a material inquiry in the court then trying the case.

If the playing outside the corporate limits was material to prove a playing inside the corporate limits, then the facts necessary to make it material should be introduced as evidence. The evidence here does not disclose any materiality. It is a self-evident proposition that facts abstractly considered might be immaterial, but when stated in conjunction with and in relation to other facts might render the material facts very potent. It is not necessary to amplify illustrations to demonstrate this. But we hold that the evidence is totally insufficient, in that the same does not show that the false statement was a material inquiry in the prosecution then pending in the corporation court of the city of Weatherford.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*