### Henry Liggett v. The State.

No. 3091.   Decided December 17, 1904.

**1.—Perjury—Indictment—Materiality of Assignment.**

Where an indictment charging perjury, alleged that the defendant as a witness committed perjury in a corporation court of the city of Weatherford on a complaint charging one W. P. with unlawfully playing at a game with cards, etc., in said county and city, the materiality of the predicate on which perjury is assigned was sufficient and the indictment being good in other respects, the exceptions thereto were properly overruled.

**2.—Same—Evidence—Territorial Limits of City.**

Where on trial upon an indictment for perjury committed in a corporation court, the proof showed that the game of cards concerning which the alleged perjury was committed, was played outside of the corporate limits of the city of Weatherford, instead of within such territorial limits as alleged in the indictment, the conviction for perjury could not be sustained.

Appeal from the District Court of Parker.   Tried below before Hon. J. W. Patterson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No briefs for either party on file.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant, by motion, questioned the indictment on several grounds, but it occurs to us that none of the criticisms are well taken. He also questions the materiality of the alleged assignment of perjury; that is, he insists the proof fails to show the materiality of the predicate on which perjury is based. It will be observed that the indictment here charges that perjury was committed in the corporation court of the city of Weatherford on a complaint, charging one Will Pyles with playing at a game with cards, etc., in said county and city. The proof, however, shows that the game of cards assigned as perjury in this case occurred outside of the corporation limits of the city of Weatherford; that is, appellant was questioned in regard to a game of cards which was shown to have been· played outside of said city limits, and he is alleged to have sworn falsely in regard thereto. Now, it may be that other games of cards than the one over which the court a quo had jurisdiction may be admissible in evidence, and may, under the circumstances be material to solve some issue arising in the case on trial. But it does not occur to us from the proof here manifest that the testimony with regard to the game of cards played. outside the city limits, was shown to be material. Indeed, as far as we are advised from this record, no game was shown to have been played within the city limits, and the only game shown to have been inquired about was a game or games beyond the city limits. Because, in our opinion, the evidence on which the perjury is assigned in this case was not shown to be material, the judgment is reversed and the cause remanded.

*Reversed and remanded.*