### WILL EMERY v. THE STATE.

No. 191. Decided December 15, 1909.

**1.—Perjury—Defendant's Absence—Predicate.**

Where, upon trial for perjury, it appeared from the record on appeal that the testimony upon which the perjury is based was given by the defendant during a trial for rape, at a time when the defendant in said rape case had absented himself from the court, and was not present during any stage of the further progress of said rape trial, such testimony could not be used as a basis for perjury, even if it were false.

**2.—Same—Presence of Defendant—Jurisdiction.**

The presence of the accused in court and before the jury during the trial of his case is a jurisdictional question, and such presence is absolutely necessary to the validity of the trial; and where a witness testified in the absence of the accused, in a felony case, the court is without authority, and such testimony cannot be the basis for a prosecution of perjury, as such trial was a nullity.

Appeal from the District Court of Smith.    Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. H. Hanson* and *Sawnie Robertson,* for appellant.—In order that false testimony given on the trial of a cause may constitute perjury, the court trying such cause must have jurisdiction and authority to try same, and a court has no jurisdiction nor authority to try a felony case in the absence of the defendant, and false testimony given on the trial of a cause in such absence can not be made the predicate for legal perjury.    Cordway v. State, 25 Texas Crim. App., 405, 8 S. W. Rep., 670, and authorities cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—This conviction was for perjury committed on the trial of the case of the State v. James Thompson, charged with rape of Cora Jones. Thompson was present when the case was called and the examination of the witnesses begun.    On the next morning Thompson was absent, but the case was continued in the trial and Thompson was found guilty.    Will Emery, this defendant, was indicted for perjury committed on this trial.

Appellant insists that because Thompson was absent the trial was illegal, and, therefore, no perjury could be committed.    The State submits "if the court has jurisdiction of the subject matter of a suit and the oath is required by law, irregularities in the proceedings, such as failure to swear the jury will not prevent perjury."    Smith v. State, 31 Texas Crim. Rep., 315.

"If the witness be illegally admitted to testify and he swears falsely, such swearing will be perjury."    Pipes v. State, 26 Texas Crim. App., 318.

"Perjury may be committed upon a trial under a complaint which is not sworn to."    Anderson v. State, 24 Texas Crim. App., 705. See also Hernandez v. State, 18 Texas Crim. App., 134.

DAVIDSON, Presiding Judge.—The appellant was convicted for perjury, his punishment being assessed at two years confinement in the penitentiary.

The facts show that appellant was a witness in the case of Thompson v. State, who, during his trial for the crime of rape, used the defendant as a witness, who testified to certain facts upon which the perjury alleged in the indictment is based.    Appellant's contention is that he is not guilty of perjury, conceding his testimony to be false.    The facts show that Thompson, defendant in the rape case, was on bail; that during the trial and after the

first witness for the State had testified, Thompson absented himself from the court, was not thereafter present during the trial, and was absent at the time appellant in this case testified. In other words, Thompson was present during the trial up to and including the time covered by the testimony from the first witness for the State; that he then left the court, was not present during any stage of the further progress of the trial, and that during his absence appellant in this case testified and the trial of Thompson proceeded to its close during the absence of Thompson. Under this state of facts it is contended by appellant the crime of perjury could not be committed. The Constitution, article 1, section 10, provides that the accused shall be confronted by the witnesses. Article 633, White's Code Criminal Procedure, thus reads: "In all prosecutions for felonies the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail." The cases are entirely harmonious to the effect that evidence can not be introduced in the absence of the accused. Bell v. State, 32 Texas Crim. Rep., 436; Hill v. State, 54 Texas Crim. Rep., 646, 114 S. W. Rep., 117. The presence, therefore, of the accused in court and before the jury during the trial of his case is a jurisdictional question and such presence is absolutely necessary to the validity of the trial. There are three facts that seem to be absolutely necessary to the jurisdiction of the court or as jurisdictional questions: first, the court must have jurisdiction of the person; second, of the subject matter, and, third, to render the particular judgment rendered. Otherwise, the prosecution will be void as also the judgment. Ex parte Degener, 30 Texas Crim. App., 566, where a great number of cases are collated; Ex parte Taylor, 34 Texas Crim. Rep., 591; Ex parte Kearby, 35 Texas Crim. Rep., 531; Ex parte Kearby, 35 Texas Crim. Rep., 634; Ex parte Duncan, 42 Texas Crim. Rep., 661; Ex parte Tinsley, 37 Texas Crim. Rep., 517; Ex parte Lake, 37 Texas Crim. Rep., 656; Parker's Case, 35 Texas Crim., 12; Ex parte Juneman, 28 Texas Crim. App., 486; Ex parte Snodgrass, 43 Texas Crim. Rep., 359. All the cases hold that the jurisdiction of the person is essential to the validity of a proceeding, otherwise it is a nullity and void. This rule has been followed in Texas in all its history. Fleming v. Nall, 1 Texas, 246; Tulane v. McKee, 10 Texas, 335; Glass v. Smith, 66 Texas, 548; Mitchell v. Runkle, 25 Texas Supplement, 132; Horan v. Wahrenberger, 9 Texas, 313; Thouvenin v. Rodriques, 24 Texas, 468; Foster v. Andrews, 4 Texas Civ. App., 429. The 12 Enc. Plead. & Prac., 179, thus states the rule: "It is an elementary principle, recognized in all the cases, that to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that

the court should have jurisdiction of the person as well as of the subject matter, and that a judgment which appears upon the face of the record to have been rendered without jurisdiction of the subject matter, or of the person, or which may be shown to have been so rendered in cases where evidence upon the question is admissible, is absolutely void, no matter in what proceeding or in what action it may thereafter be set up or relied upon." This rule is supported by numerous citations in the footnotes from Alabama, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, New Hampshire, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Utah, Vermont, Virginia, Wisconsin, United States Supreme Court and England, as well as in Texas. Some of the Texas cases have already been cited, supra. There are others, however, in the footnotes not mentioned in the preceding portion of this opinion. If this rule is correct, and there seems to be absolutely no question of it, then it is necessary that the court have jurisdiction of the person in order to make valid the judgment rendered. Under the provisions of our law, constitutional and statutory, it is necessary, in order to constitute perjury, that the court have jurisdiction of the person on trial in order to render the testimony of the witnesses, given on that trial false, or in fact testimony at all, and without the presence of an accused in a felony case during the introduction of the evidence, the court is without authority to try the case; and being without authority its proceedings would be necessarily void. The same rule applies in cases where the court has not acquired jurisdiction of the person under necessary process or pleadings, although, in fact, the accused was tried. Wilson v. State, 27 Texas Crim. App., 47; Garrett v. State, 37 Texas Crim. Rep., 198; Lawrence v. State, 2 Texas Crim. App., 479. This is the rule as well in civil cases. Drew v. Harrison, 12 Texas, 279, and Grounds v. Sloan, 73 Texas, 662. It would follow, therefore, that false evidence given in a matter which is a void prosecution is not perjury. Criminal Law and Procedure (Criminal Trial Brief), 414, section 1611. and note 37 for collated authorities. This is also the rule where the court has not the authority to try the case. Wilson's case, supra; Curtley v. State, 42 Texas Crim. Rep., 227; Conner v. Commonwealth, 2 Va. Cas., 30; Commonwealth v. Hillenbrand, 96 Ky., 407; State v. Plummer, 50 Me., 217. Where the court, once having acquired jurisdiction, has lost it, the same rule applies and perjury can not be assigned upon evidence given in the subsequent proceedings. State v. Hall, 49 Me., 412; Hamm v. Wickline, 26 Ohio State, 81. The rule is equally well settled where the preliminary matters are such as not to confer jurisdiction upon the court in the particular case. Wilson v. State, 27 Texas

Crim. App., 47; Curtley v. State, 42 Texas Crim. Rep., ·227; People
v. Howard, 111 Cal., 655; Johnson v. State, 58 Ga., 397; People
v. Titmus, 102 Mich., 318; Reg. v. Scotton, 5 ·Q. B., 493; Reg. v.
Pearce, 3 Best & Smith, 531, 9 Cox C. C., 258.    Under all these
authorities, if the court had not acquired jurisdiction of the person
or the subject matter the judgment would be void and the rule is
equally well sustained, that the court having acquired jurisdiction
and has subsequently lost it, all proceedings following the loss of
such jurisdiction would be null and void.    These propositions are
thoroughly sustained by the above authorities, and it is equally
certain from these authorities that the absence of Thompson from
the rape trial during the introduction of the evidence is not an
irregularity, but a jurisdictional fact, and in his absence no. evi-
dence could be introduced.    The further progress of the case was
illegal.    The trial, under the circumstances of this case was at an
end, because it is shown that Thompson did not return to the court,
but continued his absence during the remainder of the trial.    Then
it would be a sine qua non to the jurisdiction of that court that
Thompson was present during the trial; or to state it differently,
it was absolutely essential to the jurisdiction of that court that it
had jurisdiction of the subject matter and the person.    If either of
these facts was wanting, the judgment of the court would be a
nullity, and being a nullity, all proceedings had under it would
be void.    Therefore, the evidence given by appellant on the trial
or during the absence of the accused in that case could not form
the basis of perjury.    See also Pyles v. State, 47 Texas Crim. Rep.,
435; Moss v. State, 47 Texas Crim. Rep., 459; Liggett v. State, 47
Texas Crim. Rep., 450; Wilson v. State, 27 Texas Crim. App., 47;
Garrett v. State, 37 Texas Crim. App., 198.    In Garrett's case,
supra, see opinion on rehearing, pp. 303 and 304 of the same
volume; Buell v. State, 45 Ark., 336; Collins v. State, 78 Ala.,
433.    We are, therefore, of opinion that under the facts stated the
evidence given by appellant could not constitute perjury.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*