**Judy LINDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–88–00063–CR.**

Court of Appeals of Texas, Tyler.

May 20, 1993.

Clifton L. Holmes, Longview, for appellant.

C. Patrice Savage, Longview, Matthew W. Paul, Asst. State's Atty., Austin, for appellee.

BILL BASS, Justice.

Appellant was convicted of engaging in organized criminal activity, the indictment alleging that from September 3, 1986 until September 12, 1986, she did "with intent to establish, maintain and participate in a combination, knowingly and intentionally conspire to commit the offense of unlawful delivery of [cocaine]. . . ."

In an earlier trial, Appellant had been convicted of the aggravated possession of cocaine. The indictment in that case charged that John Lindley, "on or about 12 September 1986, . . . did . . . intentionally possess with intent to deliver a controlled substance . . . namely cocaine, in the amount of at least 400 grams."

This Court found error in the trial court's overruling of Lindley's "Special Plea of Double Jeopardy," and we ordered Lindley acquitted. We so held because "the State, in prosecuting the indictment for engaging in organized criminal activity to distribute cocaine between September 3, 1986, and September 12, 1986, relied on proof of Lindley's possession of cocaine with intent to distribute on or about September 12, 1986." *Lindley v. State,* 855 S.W.2d 723 (Tex. App.—Tyler, 1990). The Court of Criminal Appeals granted the State's petition for discretionary review to consider the impact of *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), upon successive prosecution of offenses arising in one criminal episode or transaction when proof of the same conduct is offered to establish elements of both offenses. The United States Supreme Court subsequently delivered its opinion in *United States v. Felix,* — U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The Court of Criminal Appeals

vacated our judgment and remanded the case to us for reconsideration in light of *Felix. Lindley v. State,* 838 S.W.2d 257, 259 (Tex.Cr.App.1992).

Our earlier decision in the case was based upon our interpretation of the relatively recent holding in *Grady v. Corbin. Grady v. Corbin* bars prosecution where "the government, to establish an essential element of an offense, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093. To prove Lindley's participation in the conspiracy to deliver cocaine, the State proved the same conduct which it had already proven in convicting Lindley of possession with intent to deliver.

In *United States v. Felix,* the defendant was prosecuted in Oklahoma for substantive drug offenses and conspiracy to commit those offenses. Two of the overt acts alleged in the conspiracy accusation were the same conduct for which Felix had already been prosecuted in Missouri. On appeal, Felix argued that his successive prosecutions violated the rule in *Grady v. Corbin,* since the government introduced evidence of the same conduct in both trials, conduct for which he had already been prosecuted. The Tenth Circuit agreed, and set aside Felix's convictions.

■ The Supreme Court reversed. The Supreme Court restated the precedent recognized long before the advent of *Grady v. Corbin,* that a substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes. *See, i.e., United States v. Bayer,* 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The rationale for the rule is that the essence of a conspiracy offense is the agreement or confederation to commit a crime, and the agreement to do the act is distinct from the act itself. In its opinion, the Court emphasizes that neither *Grady* nor its progenitors questioned this "long standing" precedent. Justice Rehnquist

acknowledged the difficulty of reconciling this long standing authority with *Grady.* But the rule announced in *Felix* is crystal clear.

> Faced with the necessity of reconciling this long standing authority with our language in *Grady,* we choose to adhere to the *Bayer–Pinkerton* line of cases dealing with the distinction between conspiracy to commit an offense.

*United States v. Felix,* —— U.S. at ——, 112 S.Ct. at 1385. The Double Jeopardy Clause does not bar successive prosecutions for a substantive offense and for conspiracy to commit that offense, even where the State proves the same conduct in both prosecutions, and even where the previously prosecuted conduct constitutes an overt act in the conspiracy prosecution.

Lindley contends that *Felix* is not controlling for two reasons. First, she argues that she was not convicted of conspiracy, but with engaging in organized criminal activity. However, in the organized criminal activity prosecution, the State was required to prove that Appellant did "knowingly and intentionally *conspire to commit* the offense of unlawful delivery of ... cocaine." (Emphasis ours.) Appellant argues that the gravamen of the offense of engaging in organized criminal activity is the combination. But the gravamen of conspiracy is the "agreement or the confederation" to commit an offense. Any distinction between engaging in a conspiracy and engaging in organized crime by conspiring with others to distribute cocaine is far too subtle to distinguish Lindley's case or remove it from the operation of the rule announced in *Felix.*

Appellant also argues that *Felix* is not controlling because organized criminal activity is not a "complex compound" crime involving "multilayered conduct," such as Criminal Enterprise and RICO. However, the applicability of the holding in *Felix* is not dependent on the complexity of the conduct involved. *Felix* involved a prosecution for simple conspiracy and for substantive offenses. Appellant's case cannot be distinguished from *Felix* based upon a difference in the complexity of the two

cases. Appellant's second point of error is overruled.

We originally sustained Appellant's double jeopardy point and ordered an acquittal.[1] However, on original submission we also concluded that the trial court reversibly erred in admitting into evidence notebooks seized from a car insufficiently described in a search warrant. Although, in the light of *Felix*, we were incorrect in sustaining Lindley's double jeopardy point, because of the harmful trial error, the case must be reversed and remanded for a new trial.

The judgment is reversed and the case remanded to the trial court.

---

**1.** If we had been correct, a dismissal would have been proper.