Mina GOLSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–95–194–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 3, 1996.

Terry Shamsie, Corpus Christi, for Appellant.

Carl Lewis, County Attorney, Corpus Christi, Anna E. Gonzales, Assistant County Attorney, Corpus Christi, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant has filed an amended motion for rehearing in which she claims that we erred in addressing several of her appellate points. Appellant also argues, for the first time, that appellant's conviction must be reversed because the "stalking" provision of the Texas harassment statute is unconstitutional on its face. In light of *Long v. State*, 931 S.W.2d 285 (Tex.Crim.App.1996), we reverse appellant's conviction and order the prosecution dismissed.

 Appellant was convicted under the "stalking" provision of the harassment statute. In *Long*, the Court of Criminal Appeals determined that the "stalking" provision is facially unconstitutional. An unconstitutional statute is void from its inception. *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim.App. 1987). Because of this ruling, appellant's conviction cannot stand.

Accordingly, appellant's conviction is reversed, and the case is remanded to the trial court to enter an order dismissing the prosecution. *Long*, at 297.