**Orlanda Shantel CRUMPTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–390–CR.**

Court of Appeals of Texas,
Fort Worth.

July 30, 1998.

Richard S. Podgorski, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Yolanda M. Joosten, Michael Moore, Jamie Beck, Asst. Dist. Attys, Denton, Matthew Paul, State Pros. Atty., Austin, for appellee.

Before CAYCE, C.J., and MALONEY * and DAY, JJ.

## OPINION

FRANK MALONEY, Justice (Assigned).

Appellant, pursuant to a plea bargain agreement, entered a plea of guilty to an indictment charging the felony offense of engaging in organized criminal activity (TEX. PENAL CODE ANN. § 71.02), the predicate offense being theft (TEX. PENAL CODE ANN. § 31.03). Adjudication of guilt was deferred and appellant was placed on community supervision for a period of three years and assessed a fine of $500.00. Subsequently after a hearing on the State's motion to adjudicate guilt, appellant was adjudged guilty and sentenced to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

■ Appellant proffers one point contending that her conviction is void in that TEX. PENAL CODE ANN. § 71.02 (Vernon 1994)[1]

---

* Assigned to the Second Court of Appeals by order of the Chief Justice of the Supreme Court.

1. The conduct is alleged to have occurred on or about the 16th day of December, 1993; therefore, the amendments to §§ 71.02 and 31.03 after 1993 are inapplicable. *See* Act of May 26, 1993, 73rd Leg., R.S., ch. 761, § 3, 1993 Tex. Gen. Laws 2966, 2968, amended by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3586, amended by Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 24, 1995 Tex. Gen. Laws 2734, 2743, amended by Act of May 10, 1997, 75th Leg., R.S., ch. 189, § 9, 1997 Tex. Gen. Laws 1045, 1048 (current version at TEX. PENAL CODE ANN § 71.02 (Vernon 1994 & Supp.1998)).

violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States because it authorizes multiple punishments for the same criminal conduct. This issue was not raised in the trial court either by an attack on the indictment or on the jurisdiction of the trial court to proceed.

The State contends that we should dismiss the appeal for the reason that TEX.R.APP. P. 25.2(b)(3) was not complied with.

Appellant's plea of guilty was pursuant to a plea bargain. The indictment charged that the offense occurred on or about the 16th day of December, 1993. The plea occurred on October 20, 1995; the hearing on the State's motion to adjudicate, and the adjudication of guilt along with the sentence occurred on the 9th of August, 1996. There was no motion for arrest of judgment or motion for new trial filed by appellant. Appellant's motion for an extension of time to file her notice of appeal was granted by this court on the 2nd of October, 1996, retroactive to September 20, 1996, the date appellant actually filed her notice of appeal in the trial court. See TEX. R.APP. P. 10.05(b) and 26.3. Appellant does not contend that there was a breach of the plea agreement.

The State maintains that we do not have jurisdiction to entertain the appeal, the notice of appeal given by appellant being a "general notice of appeal" neither containing permission of the trial court to appeal the issue sought to be raised on appeal, nor notice of any issue raised and ruled upon by pre-trial motion in the trial court. See TEX. R.APP. P. 40(b)(1); Watson v. State, 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.App.), cert. denied, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); Davis v. State, 870 S.W.2d 43, 45–46 (Tex.Crim.App. 1994). The above cases hold that a general notice of appeal does not confer jurisdiction on the appellate courts to consider non-jurisdictional defects. Prior to the promulgation of TEX.R.APP. P. 25.2(b)(3), a general notice of appeal did confer upon the courts of appeals

jurisdiction to consider jurisdictional defects. See Watson, 924 S.W.2d at 714–15; Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981).[2] We find that it would be an injustice to apply the new rules to this case. We are confronted, however, with the question of whether appellant's point raises a jurisdictional defect of the type that can be considered on appeal under the laws existing prior to the enactment of TEX.R.APP. P. 25.2(b) (See old rule TEX.R.APP. P. 40(b)(1)).

■ The Constitution and the laws enacted by the legislature define and establish jurisdiction of the district courts. See Curry v. Wilson, 853 S.W.2d 40, 45 (Tex.Crim.App. 1993); State v. Johnson, 821 S.W.2d 609, 612 (Tex.Crim.App.1991). Article V, section 8, of the Texas Constitution and article 4.05 of the Texas Code of Criminal Procedure place jurisdiction of all felony cases in the district courts. See TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.1998). Engaging in organized criminal activity is a felony. See TEX. PENAL CODE ANN. § 71.02 (Vernon 1994).

Art. V, § 12 of the Texas Constitution, as amended, provides:

> ... The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b). Compare Duron v. State, 956 S.W.2d 547, 549 (Tex.Crim. App.1997); with Cook v. State, 902 S.W.2d 471, 474–75 (Tex.Crim.App.1995); and Studer v. State, 799 S.W.2d 263, 273 (Tex.Crim. App.1990).

■ Jurisdiction requires that three essentials must be present: authority over the subject matter, authority over the person, and the power to proceed to judgment. See Fairfield, 610 S.W.2d at 779; Emery v. State, 57 Tex.Crim. 423, 123 S.W. 133, 134 (1909). If the trial court lacks such authority, any judgment by it is void and unenforceable. See Emery, 123 S.W. at 134. Compare Skillern v. State, 890 S.W.2d 849, 859 (Tex.

**2.** Under the Texas Rules of Appellate Procedure, a "notice of appeal" must now specify "that the appeal is for jurisdictional defects." TEX.R.APP. P. 25.2(b)(3)(A). We are to apply the new rules to any case pending on or after September 1, 1997,

the effective date of the new rules, unless doing so would work an injustice. See Court of Criminal Appeals Final Approval of Revisions to the Texas Rules of Appellate Procedure no. 2 (Tex. Crim.App. September 1, 1997).

App.—Austin 1994, pet. ref'd); *with National Life Co. v. Rice,* 140 Tex. 315, 167 S.W.2d 1021, 1024–25 (1943).

▆ The issue presented does not concern a defect in the indictment; but rather whether the trial court had jurisdiction to proceed to judgment. If an indictment is based on an unconstitutional statute, the conviction is void. *See Golson v. State,* 931 S.W.2d 705, 706 (Tex.App.—Corpus Christi 1996, no pet.) (op. on reh'g). Here, appellant maintains that TEX. PENAL CODE ANN. § 71.02 is defective because it authorizes multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.

▆ Whether a constitutional violation is "jurisdictional" was discussed in *Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195, 197–98 (1975). There the Supreme Court explained that a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." 423 U.S. at 62, n. 2, 96 S.Ct. at 242, n. 2, 46 L.Ed.2d at 198, n. 2. However, if the claim is that the charge is one that the State may not constitutionally prosecute, a plea of guilty to that charge does not waive that claim. In *Menna,* the petitioner maintained that by pleading guilty, he did not waive his claim that the indictment should have been dismissed because of the Double Jeopardy Clause of the Fifth Amendment. The Supreme Court, relying on *Blackledge v. Perry,* held that "[w]here the state is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna,* 423 U.S. at 62, 96 S.Ct. at 242, 46 L.Ed.2d at 198 (citing *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974)). In *Courtney v. State,* the First Court of Appeals in a case involving the constitutional-

ity of TEX. TAX CODE ANN. § 159.201 (Vernon 1992), held that the appellant's claim was based on an unconstitutional application of the tax code section as opposed to the section being facially unconstitutional and was therefore not jurisdictional so as to avoid waiver by a plea of guilty. The court emphasized the difference between a constitutional issue that was based on a facially unconstitutional statute, that is a statute that is unconstitutional under every circumstance in which it is applied, and a claim based on an unconstitutional application only as to the appellant. *See Courtney,* 904 S.W.2d 907, 909 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd); *see also Lopez v. State,* 837 S.W.2d 863 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

We might disagree with the First Court of Appeals[3] as to the requirement that the statute be facially unconstitutional, given *Menna v. New York,* 423 U.S. at 62, 96 S.Ct. at 242, 46 L.Ed.2d at 198, but we do not reach that issue. Although appellant complains in her brief that the statute she was ultimately convicted under is unconstitutional *as applied,* her actual contention is that the statute is facially unconstitutional because it authorizes multiple punishments for the same offense by providing for a step up to a higher punishment after assessment of punishment for the underlying offense.

The statute provides:

§ 71.02   Engaging In Organized Criminal Activity

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more of the following:

(1) ... theft ...;

[Following the above paragraph are nine additional paragraphs listing various underlying substantive offenses.]

(b) Except as provided in Subsection (c) of this section, an offense under this section is one category higher than the most serious offense listed in subdivi-

---

**3.** *See and compare Ravenbark v. State,* 942 S.W.2d 711, 711 (Tex.App.—Houston [14th Dist.] 1997, no pet.)

sions (1) through (10) of Subsection (a) of this section that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a felony of the third degree, except that if the most serious offense is a felony of a first degree, the offense is a felony of a first degree.

TEX. PENAL CODE ANN. § 71.02 (Vernon 1994).

The indictment charged that appellant intentionally and knowingly appropriated (described property) of the value of at least $750 or more but less than $20,000 from the owner without the effective consent of the owner and with intent to deprive the owner of the property; and that appellant did then and there commit said offense with intent to establish, maintain and participate in a combination and in the profits of a combination, said combination (naming four others) who collaborated in carrying on said criminal activity.

Appellant contends that prosecution of the offense of Organized Criminal Activity, as defined by TEX. PENAL CODE ANN. § 71.02, which includes the underlying offense of theft under TEX. PENAL CODE ANN. § 31.03, constitutes multiple punishments for the same offense as defined in *Blockburger v. United States,* and that since the Fifth Amendment to the Constitution of the United States precludes multiple punishments for the same offense, citing for that principle *United States v. Halper,* and *Ex parte Broxton,* TEX. PENAL CODE ANN. § 71.02 is unconstitutional. *See Blockburger,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496 (1989); *Broxton,* 888 S.W.2d 23, 25 (Tex.Crim.App.1994).

▬ The Double Jeopardy Clause embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *See Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977); *North Carolina v. Pearce,* 395 U.S. 711, 717,

89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). It is the multiple punishment issue that appellant argues here; all three protections are defined in the terms of the "same offense" doctrine as explained in *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, and as further elaborated on in *United States v. Dixon,* 509 U.S. 688, 696–97, 113 S.Ct. 2849, 2856, 2860, 125 L.Ed.2d 556, 568, 573 (1993) (overruling *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548, 557 (1990)). Simply put, the *Blockburger* test is that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. 306. If they do, then the offenses are not deemed one offense suffering multiple prosecutions and/or punishments in violation of the Double Jeopardy Clause.

"The assumption underlying the *Blockburger* rule is that Congress [Legislature] ordinarily does not intend to punish the same offense under two different statutes." *Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740, 746 (1985).

In *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court set aside the Missouri Court of Appeals reversal of cumulative sentences for both robbery in the first degree and armed criminal action and held that even though two criminal statutes may be construed to prosecute the same conduct under *Blockburger,* that does not necessarily mean that the Double Jeopardy Clause precludes the imposition of cumulative punishments in a single trial pursuant to those statutes.

The Supreme Court in *Hunter,* after discussing *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) and *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) stated:

> Our analysis and reasoning in *Whalen* and *Albernaz* leads inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the

same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, proscribe [sic] the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679, 74 L.Ed.2d at 543–44.

In *Reina v. State*, 940 S.W.2d 770 (Tex. App.—Austin 1997, pet. ref'd), Defendant Reina was charged by indictment with the commission of two separate offenses and tried along with another person under that indictment. He was convicted of the offense of engaging in organized criminal activity and received ninety-nine years' confinement by a jury. He was convicted during that trial of attempted murder (also used as the underlying offense in the organized criminal activity allegation) and received twenty years' confinement by the jury. In addition to raising both the question of legal sufficiency and factual sufficiency of the evidence, he raised the issue of double jeopardy. *See id.* at 771.

The Austin Court of Appeals, after discussing both legal sufficiency and factual sufficiency, ordered a reversal of the conviction on the factual sufficiency issue, but went on to discuss the double jeopardy point raised by the appellant. The court stated that when a defendant is charged with both engaging in organized criminal activity under § 71.02 of the Texas Penal Code and a sepa-

rate offense that happens to be included in § 71.02(a)(1) through (10), the two offenses "merge" and become the "same" offense.

A court may impose cumulative punishment in a trial for the violation of two statutes, regardless of whether those two statutes proscribe the "same" conduct under the other two types of double jeopardy prohibitions, if the legislature so intends. *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *see also Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim.App.1992). If a court determines the legislature intended to impose cumulative sentences for the same conduct, the court may end its inquiry and impose both sentences. *See Missouri v. Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679–80. Therefore, whether the two offenses alleged in this case are the "same" or "merged" offenses is irrelevant if we find the legislature intended multiple punishments for both.

Assuming without deciding that the two statutes enforced in this case proscribe the same conduct, we conclude the legislature intended to impose cumulative punishments for the violation of both statutes. The legislature specifically provided that a person's being charged with, acquitted, or convicted of an offense underlying the organized criminal activity statute is no defense to prosecution under the organized criminal activity statute. *See* TEX. PENAL CODE ANN. § 71.03(3) ( [Vernon] 1994). This provision evinces the legislature's intent that a person may be tried and convicted of both engaging in organized criminal activity and attempted murder, one of the predicate offenses listed in the statute. *Reina*, 940 S.W.2d at 775–76.

The court held that the simultaneous prosecution of Reina for attempted murder and engaging in organized criminal activity did not violate the double jeopardy provisions of either the federal or state constitutions and overruled Reina's point dealing with double jeopardy.

In *Ex parte Kopecky*, 821 S.W.2d 957 (Tex. Crim.App.1992), the Court of Criminal Appeals, while holding that an appellant could

be convicted and sentenced in the same proceeding for both aggravated possession of phenylacetone and possession of phenylacetone without tax payment certificate, discussed *Missouri v. Hunter, supra,* stating that that case held that insofar as it applies to multiple punishments in a single prosecution, the Fifth Amendment Double Jeopardy Clause does not impose a limitation upon the legislative prerogative to "prescribe the scope of punishment." *Id.* at 958–59.

The Court held that in the multiple punishment context, the *Blockburger* test is no more than a rule of statutory construction, useful in discerning the legislative intent as to scope of punishment where that intent is not otherwise manifested. The *Blockburger* test does not operate, however, to trump 'clearly expressed legislative intent.'

*Id.* at 959 (quoting *Hunter,* 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 544). In *Kopecky,* the question before the Court of Criminal Appeals was whether the legislature intended that an accused in applicant's position be punished for both aggravated possession of phenylacetone and for possession of phenylacetone without payment of the required tax. The Court of Criminal Appeals held that the legislature did, in fact, so intend. The TEX. TAX CODE, § 159.004 provides:

Nothing in this chapter provides a defense or affirmative defense to, exception to, or immunity from prosecution under the penal laws of this state relating to controlled substances, counterfeit substances, simulated controlled substances, or marihuana.

TEX. TAX CODE ANN. § 159.004 (Vernon 1992).

The Court of Criminal Appeals explained that clearly the main thrust of that provision was to make manifest that compliance with the tax requirements under Chapter 159 did not insulate one in possession of a controlled substance from prosecution or conviction under the Controlled Substances Act. *See Kopecky,* 821 S.W.2d at 960.

In the case of *Cervantes v. State,* 815 S.W.2d 569 (Tex.Crim.App.1991), the appellant was charged in two separate indictments. The first indictment charged appellant with the offense of attempted capital murder and the second indictment with the offense of aggravated robbery. *See id.* at 570. The indictments were consolidated into a single trial. The evidence showed that the victim of the robbery was a police officer, and that as a police officer, he had the duty of arresting appellant for the commission of the robbery. The jury found the appellant guilty of both offenses and assessed a ninety-nine year sentence for each offense. *See id.* at 570. The appellant appealed the case on several grounds, one of which was that the Double Jeopardy Clause prohibited the trial court from entering judgment in both cases. The San Antonio Court of Appeals agreed and vacated the conviction for aggravated robbery. *See Cervantes v. State,* 742 S.W.2d 768, 771 (Tex.App.—San Antonio 1987), *rev'd,* 815 S.W.2d 569, 572–73 (Tex.Crim.App.1991).

After discussing *Blockburger* and finding that the robbery conviction and the attempted capital murder conviction each required proof of a fact which the other did not, and thus were not the same offense, the Court of Criminal Appeals stated:

To determine whether double jeopardy prohibits multiple punishments which are imposed at one trial, we must determine whether the legislature intended that each violation be a separate offense. *Garrett v. United States,* 471 U.S. 773, 793, 105 S.Ct. 2407, 2418, 85 L.Ed.2d 764 (1985). In *Garrett,* 471 U.S. 773, 105 S.Ct. 2407, the defendant sought double jeopardy protection from prosecution for "continuing criminal enterprise," where facts underlying a prior conviction are offered to prove one of three predicate offenses that must be shown to make out a continuing criminal enterprise violation. The Supreme Court refused to interpret the Double Jeopardy Clause to provide relief under either a theory of successive prosecution or of cumulative sentencing, holding that the protection "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Garrett,* 471 U.S. at 793, 105 S.Ct. at 2418–19, citing and quoting, *Hunter,* 459 U.S. at 366, 103 S.Ct. at 678; *Albernaz v. United*

*States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981).

*Cervantes*, 815 S.W.2d at 574.

The *Cervantes* court found that simply because the State was required to prove the aggravated robbery in order to establish that the officer was "in the line of duty" does not negate the legislature's ability to authorize multiple punishments. Citing *Garrett* and *Hunter*, the court reversed the judgment of the court of appeals and affirmed the convictions. *Id.* at 574–75.

As indicated in *Reina*, *supra*, § 71.03 of the Organized Crime Act of Texas states:

It is no defense to prosecution under Section 71.02 that:

. . . .

(3) A person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02; ...

The legislature has by enactment of Section 71.03 evidenced its intent to impose cumulative sentences for the same conduct whether the same are merged offenses or prosecuted separately. As held in *Reina*, this provision evidences the legislature's intent that a person may be tried and convicted for organized criminal activity and the under-

lying offense all in the same prosecution under Section 71.02.

It seems clear that even if the theft allegation in the organized criminal activity indictment was the same offense for double jeopardy purposes, nothing would preclude the State from prosecuting both the organized criminal activity offense and the theft offense as separate offenses and seeking separate punishments; this was not done in this case, the prosecution simply utilized the theft offense as the underlying offense to prosecute organized criminal activity. We hold, therefore, that the Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States was not implicated and overrule appellant's point.[4]

The judgment of the trial court is affirmed.

4. *See United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The defendant was convicted of conspiracy to manufacture methamphetamine as well as the substantive drug offense. The Supreme Court held that the Double Jeopardy Clause did not bar prosecution for either conspiracy or the substantive offense and that conspiracy to commit that crime was not the same offense for double jeopardy purposes even if they were based on the same underlying incident, the essence of conspiracy being the agreement to commit the crime as opposed to the crime itself. In *Fee v. State*, 841 S.W.2d 392 (Tex.Crim.App.1992) the Court of Criminal Appeals explained that the organized criminal activity statute requires no more than proof of existence of a combination and that the appellant either committed one of the enumerated offenses in order to facilitate the combination, or that he conspired with at least one other to commit such an offense, etc. *See id.* at 395. Similar explanations are given in *Barber v. State*, 764 S.W.2d 232, 233–34 (Tex.Crim.App.1988), *Shears v. State*, 895 S.W.2d 456, 459 (Tex.App.—Tyler 1995, no pet.), and *Caddell v. State*, 865 S.W.2d 489, 491–92 (Tex.App.—Tyler 1993, no pet.). In

the case of *McGee v. State*, 909 S.W.2d 516 (Tex.App.—Tyler 1995, pet. ref'd.), the Tyler Court of Appeals, citing *United States v. Felix*, *supra*, stated that engaging in organized criminal activity is to be treated like conspiracy for double jeopardy purposes. In that case, subsequent to a plea of guilty to the offense of delivery of a simulated controlled substance, the defendant was tried and convicted of engaging in organized criminal activity to distribute a simulated controlled substance. The act alleged in the indictment as the underlying offense was the same offense he had previously pleaded guilty to. He contended that the Double Jeopardy Clause precluded his prosecution for organized criminal activity. The court stated that the Double Jeopardy Clause does not bar successive prosecutions for a substantive offense and for conspiracy to commit that offense even where the State proves the same conduct in both prosecutions and even where the previously prosecuted conduct constituted an overt act in the conspiracy prosecution. *See Id.* at 519 ( citing *Lindley v. State*, 855 S.W.2d 729, 730 (Tex.App.—Tyler 1993, no pet.) and *United States v. Felix*).