Minh De LAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00931–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 27, 2000.

Anthony P. Griffin, Galveston, for appellant.

John Healey, John H. Harrity, III, Richmond, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.[1]

## OPINION

LEE DUGGAN, Jr., Justice (Retired).

After his amended application for writ of habeas corpus was denied, appellant, Minh De Lam, pled nolo contendere and was found guilty of two misdemeanor counts of gambling promotion by bookmaking and one misdemeanor count of communicating gambling information. The trial court assessed punishment for each offense at a $ 2,000 fine and 180 days in jail, probated. He asserts a single point of error on appeal.

We affirm.

## I.

### PROCEDURAL HISTORY

Appellant was indicted in Harris County for organized criminal activity, namely, gambling promotion by operating and participating in the earnings of a gambling place. His indictment specified locations in both Harris and Fort Bend County. He was acquitted on a directed verdict.

Appellant was later indicted in Fort Bend County on five counts based on the same or some of the same events alleged in the Harris County indictment. He filed a writ of habeas corpus objecting to the Fort Bend County prosecutions on the ground of double jeopardy. The trial court granted his writ in part, dismissing the first and fifth counts, but left two counts of gambling promotion by bookmaking and one count of communicating gambling information. After his second writ of habeas corpus on the same ground was dismissed, appellant pled nolo contendere. With the trial court's permission, he appeals his Fort Bend County conviction.

In his sole point of error, appellant argues his Fort Bend County conviction is barred by double jeopardy.

## II.

### DISCUSSION

The Texas Court of Criminal Appeals has held consistently that "the Texas and United States constitutions' double jeopardy provisions provide substantially identical protections." *Ex parte Mitchell,* 977 S.W.2d 575, 580 (Tex.Crim.App.1997). The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the "same offense," including a subsequent prosecution for the "same offense" following acquittal or conviction. *State v. Houth,* 845 S.W.2d 853, 856 (Tex. Crim.App.1992). Further, "greater inclusive and lesser included offenses are the same for jeopardy purposes." *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App. 1994). In making the determination whether a defendant has been prosecuted for greater inclusive and lesser included offenses, "the essential elements relevant to [this] jeopardy inquiry are those of the charging instrument, not of the penal statute itself." *Id.*

#### A. The Harris and Fort Bend County indictments

Appellant's Harris County indictment charged that

the Defendant, on or about January 3, 1995 and continuing thru (*sic*) March

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

28, 1995, did then and there unlawfully, intentionally, and knowingly engage in organized criminal activity with the intent to establish, maintain and participate in a combination and in the profits of a combination, consisting of [the appellant and two other identified persons], to commit the offense of Gambling Promotion, and in the furtherance of said combination, the Defendant knowingly operated and participated in the earnings of a gambling place....

Appellant's Fort Bend County indictment charged him with

**Count I**

intentionally and knowingly engag[ing] in bookmaking by receiving and record[ing] more than five bets and offers to bet in one twenty-four hour period;

**Count II**

intentionally and knowingly engag[ing] in bookmaking by receiving and recording bets and offers to bet totaling more than $1,000 in one twenty-four hour period ...; and

**Count III**

with intent to further gambling, knowingly install[ing], maintain[ing], and provid[ing] equipment for the transmission and receipt of information as to bets, betting odds and changes in betting odds, to wit: a telephone and facsimile machine.

■ Appellant argues the Fort Bend County indictment charged him with lesser included offenses of his Harris County indictment for engaging in organized criminal activity through operating and participating in the earnings of a gambling place. The State, however, points out that appellant's actual charge, in the Harris county indictment, was for organized criminal activity, not the underlying predicate act involving the operation of a gambling place.

Section 71.02 of the Texas Penal Code provides in relevant part that

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the

profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:

. . .

(2) any gambling offense punishable as a Class A misdemeanor....

TEX. PEN. CODE ANN. § 71.02(a)(2) (Vernon Supp.2000).

The predicate misdemeanor gambling offense alleged in the Harris County indictment was the "operat[ion] or particip[ion] in the earnings of a gambling place." TEX. PEN. CODE ANN. § 47.03(a)(2) (Vernon 1994). The three remaining counts of the Fort Bend County indictment, on the other hand, did not charge appellant with organized criminal activity, but rather specified three other misdemeanor gambling offenses, two counts of bookmaking and one count of communicating gambling information. *See* TEX. PEN. CODE ANN. § 47.03(a)(3) (Vernon 1994); TEX. PEN. CODE ANN. § 47.05(a) (Vernon 1994).

Appellant argues his second prosecution violated the double jeopardy clause of the Fifth Amendment because the offenses for which he was charged in Fort Bend County are lesser included offenses of the offense in his Harris County indictment. The State argues that (1) the Fort Bend County indictment does not cause a double jeopardy violation because organized criminal activity, as with a criminal conspiracy, is a separate crime from the underlying offense, and (2) even under appellant's analysis, the two indictments charged him with separate offenses.

**B. Whether organized criminal activity is a separate offense**

We first address the State's argument that an organized criminal activity charge is separate from the underlying offense for the purposes of double jeopardy, because this issue is potentially dispositive of the parties' remaining arguments.

The United States Supreme Court has held that a criminal conspiracy should be treated as a separate offense from the underlying predicate offense for double jeopardy purposes. *See, e.g., United States v. Felix,* 503 U.S. 378, 383, 112 S.Ct. 1377, 1383, 118 L.Ed.2d 25 (1992). In *Felix,* the Court was faced with a prosecution for criminal conspiracy after the appellant had already been convicted in a previous trial for some of the same predicate acts. The Court held that double jeopardy did not bar the subsequent conviction because of the longstanding "rule that a substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *Id.* at 389, 112 S.Ct. at 1384.

The Tyler Court of Appeals has similarly concluded that "engaging in organized criminal activity is to be treated like conspiracy for double jeopardy purposes and the 'Double Jeopardy Clause does not bar successive prosecutions for a substantive offense and for conspiracy to commit that offense.'" *McGee v. State,* 909 S.W.2d 516, 519 (Tex.App.—Tyler 1995, pet. ref'd) (quoting from *Lindley v. State,* 855 S.W.2d 729, 730 (Tex.App.—Tyler 1993, no pet.)). *McGee* held that the double jeopardy clause did not bar a subsequent prosecution for organized criminal activity after the appellant had already been convicted for delivery of a controlled substance, the overt act that linked him to the organized criminal activity. *McGee,* 909 S.W.2d at 519.

At least two other Texas appellate courts have held that a prosecution for a crime does not prohibit a contemporaneous or subsequent prosecution for committing that crime as part of a criminal combination under section 71.02(a) of the Texas Penal Code. In *Reina v. State,* 940 S.W.2d 770 (Tex.App.—Austin 1997, pet. ref'd), the appellant appealed his simultaneous convictions for both attempted murder and a criminal combination (of which the predicate activity was attempted murder), two separate offenses charged in the same in-

dictment. *Id.* at 771–72. *Reina* noted that section 71.03(3) states it is no defense to prosecution under section 71.02 that "a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of 71.02." *Reina,* 940 S.W.2d at 775; *see* TEX. PEN. CODE ANN. § 71.03(3) (Vernon 1994). Based on this expression of legislative intent for cumulative punishment, the *Reina* court held the simultaneous prosecutions did not violate the double jeopardy clause of the United States and Texas constitutions. *Reina,* 940 S.W.2d at 776; *see also Missouri v. Hunter,* 459 U.S. 359, 369, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983) (observing that where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's *task of statutory construction is at an end* and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.") (emphasis added).

In an attack on the facial validity of section 71.02 under constitutional law, the Fort Worth Court of Appeals also determined that the Texas legislature, in enacting section 71.03, intended "to impose cumulative sentences for the same conduct whether the same are merged offenses or prosecuted separately." *Crumpton v. State,* 977 S.W.2d 763, 770 (Tex.App.—Fort Worth 1998, no pet.). Though *Crumpton* involved only a prosecution under section 71.02 and not for the predicate offense, the Fort Worth court noted that "even if the theft offense [forming the predicate criminal activity under section 71.02(a)] in the criminal activity indictment was the same offense for double jeopardy purposes, nothing would preclude the State from prosecuting both the organized criminal activity offense and the theft offense as separate offenses and seeking separate punishments." *Crumpton,* 977 S.W.2d at 770.

We agree with these authorities. Assuming *arguendo* that appellant's Harris County indictment for organized criminal activity had been based on a predicate offense that was substantially the same as one or more of the offenses for which he was charged in Fort Bend County, we hold that his subsequent Fort Bend County indictment was not barred by double jeopardy. An organized criminal activity is a separate offense, for double jeopardy purposes, from any of the predicate acts listed under sections 71.02(a)(1)-(11) of the Texas Penal Code.

Appellant's point of error is overruled.

We affirm the trial court's judgment.