Donald **EPHRAIM**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 06–07–00030–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 22, 2007.

Decided Oct. 24, 2007.

Clement Dunn, Longview, for appellant.

W. Ty Wilson, Asst. Dist. Atty., Long-view, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

---

1. *See* Tex. Penal Code Ann. § 49.07 (Vernon 2003).

## OPINION

Opinion by Justice MOSELEY.

This is an appeal by Donald Ephraim of his conviction of intoxication assault [1] after a plea of guilty and the assessment of a penalty of confinement for four years. The sole point of error raised by Ephraim is a claim of double jeopardy.

On April 17, 2005, Ephraim was the driver of an automobile involved in a one-vehicle accident wherein the vehicle left the roadway, struck a culvert, and over-turned. There were two passengers in the automobile with Ephraim at the time of the accident, both of whom were injured. In addition to the intoxication assault charge, Ephraim was also charged with operating the vehicle at an unsafe speed.[2] Prior to trial on the intoxication assault charge, Ephraim entered a guilty plea to the unsafe speed violation, was found guilty, and was assessed a fine for the violation. Ephraim has asserted that a prosecution of the intoxication assault charge after his having been convicted of driving at an unsafe speed constitutes sub-jecting him to double jeopardy.

Both Amendment V to the United States Constitution and Article I, Section 14 of the Texas Constitution provide protection against being "twice put in jeopardy" for "the same offense" (spelled "offence" in the United States Constitution). U.S. Const. amend. V; Tex. Const. art. I, § 14. Ephraim cites only the proscription against double jeopardy as contained in the United States Constitution, correctly pointing out that this constitutional protec-tion applies to actions by the various states. *Benton v. Maryland,* 395 U.S. 784, 795–96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. *See* Tex. Transp. Code Ann. § 545.351(a) (Vernon 1999).

Ephraim maintains that the unsafe speed charge implicates no conduct not alleged within the indictment for intoxication assault, specifically making the observation that the investigating officer's accident report mentions only "unsafe speed" and "intoxication" as being factors in the conditions contributing to the accident.

The test of whether two offenses constitute the same crime was announced by the United States Supreme Court some seventy-five years ago in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in stating, "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." This is commonly called the "same elements" test.

For a time, the United States Supreme Court diverged from that test and announced that:

> [A] subsequent prosecution must do more than merely survive the *Blockburger* test.... [T]he *Double Jeopardy Clause* bars any subsequent prosecution in which the government, to establish an essential element of the offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. *The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.*

*Grady v. Corbin,* 495 U.S. 508, 521, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) (footnotes omitted) (emphasis added).

 However, after this newer standard posed great confusion and consternation, the Supreme Court overruled *Corbin* and reinstated the simpler and more straightforward "same elements" test set out in *Blockburger.* *United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). For the purpose of determining whether double jeopardy applies, two offenses are considered the same if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. See *Wilson v. State,* No. 01–06–00673–CR, ──── S.W.3d ────, 2007 WL 2214886, 2007 Tex. App. LEXIS 6184 (Tex.App.-Houston [1st Dist.] Aug. 2, 2007, pet. filed); *see also Ortega v. State,* 171 S.W.3d 895, 899 (Tex. Crim.App.2005). The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *State v. Remsing,* 829 S.W.2d 400 (Tex.App.-Austin 1992, pet. ref'd).[3]

The elements of the "unsafe speed" charge to which Ephraim pled guilty are (1) the operator of an automobile (2) drove the vehicle at a speed (3) which was greater than was reasonable and prudent (4) under the circumstances then existing. *See* TEX. TRANSP. CODE ANN. § 545.351(a).

Contrasting with that, in order to prove an "intoxication assault" charge, the State

---

**3.** Before 1982, Texas was alone in its interpretation of the double jeopardy prohibition, following what was called the doctrine of carving. Under it, the State could carve only one prosecution out of one "transaction" giving rise to the offense. That interpretation was overruled and abandoned in *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Crim.App. 1982), which contains a detailed discussion of the various elements of the doctrine of carving and the rationale for having abandoned it.

must prove the following elements: (1) a person (2) while driving a motor vehicle (3) in a public place (4) while intoxicated (5) by reason of his intoxication (6) through an accident or a mistake (7) causes serious bodily injury to another person. TEX. PENAL CODE ANN. § 49.07.

As can be seen, there are some common elements between the two offenses. However, under the unsafe speed charge, there is no necessity to prove bodily injury to another, intoxication by the driver, or that intoxication was the reason which precipitated the accident or mistake. In the intoxication assault charge, there was no necessity to show that the offender used a more excessive speed than was reasonable and prudent under the circumstances.

Applying the *Blockburger* "same elements" test set out above, we determine that a sufficient difference between the two charges exists that Ephraim has not been subjected to the proscribed double jeopardy.

We affirm the judgment.