

**NUMBER 13-05-658-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**ELIJAH HUFF,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 117th District Court
of Nueces County, Texas**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion by Justice Vela**

Appellant, Elijah Huff, appeals from the trial court's denial of his petition for pre-conviction writ of habeas corpus based upon double jeopardy. By a single issue, Huff argues the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars the State from prosecuting him for three counts of capital murder. We affirm.

A. Procedural Background

This case concerns Huff's prosecution for the murders of Isaac Maldonado and Jenna Patek, alleged to have occurred on January 13, 2004. Huff was charged in a five-count indictment with capital murder[1] (Counts 1-3) and engaging in organized criminal activity[2] (Counts 4 and 5). On August 23, 2005, Huff went to trial only on Counts 4 and 5 in the 117th District Court of Nueces County, Judge Joaquin Villarreal, III, then presiding. After a jury was selected, impaneled, and sworn,[3] one of Huff's defense attorneys, Juan Gonzalez, complained that one of the sworn jurors, Daniel Ray Roberson, used profanity towards him.

On August 24, 2005, Judge Villarreal, outside the jury's presence, held a hearing on the matter during which the prosecutor, James Sales, called two witnesses, Roberson and Gonzalez. Sales's interrogation of Roberson showed, in relevant part:

> Q: Mr. Roberson, it was brought to the attention of the Court that you may have addressed profanity towards one of the members of defense counsel this morning on your way in. And I need to know if there is anything--that you're feeling anything against either the defense or the state that would prevent you from being a fair and impartial juror in this case?
>
> A: No, I didn't--I didn't say anything to the anyone [sic] from the defense counsel this morning. I didn't talk to anyone . . . .
>
> * * *
>
> I'll do my best to be fair and impartial.

After Roberson finished testifying, Sales questioned Gonzalez, who testified, in relevant part, as follows:

---

[1]*See* TEX. PENAL CODE ANN. § 19.03.

[2]*See* TEX. PENAL CODE ANN. § 71.02.

[3]In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978); *Alvarez v. State*, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993).

2

Q: Can you, please, for the record, describe the nature of the involvement between Mr. Roberson and yourself prior to coming into court today?

A: I was standing right behind you--or right by the Bar. He walked in, looked at me, and I heard "G[--] damn it."

* * *

Q: And when he [Mr. Roberson] took [the] stand and said he didn't--said, under oath, he didn't say anything towards you, that's either a mistake or a lie.

A: Mistake or a lie. I made some--eye contact with him and I heard the words, "G[--] damn it."

After questioning Gonzalez, Sales told the trial court:

I'm not going to move for a motion for mistrial, but, as an officer of the court, I'm bringing it to the Court's attention and asking the Court to consider a mistrial, based on the testimony of Mr. Gonzalez of this particular juror who just perjured himself in front of the Court; and therefore, I think that would prejudice Mr. Huff in going forward in this particular trial . . . . [I]t would seem to me that a mistrial would be the appropriate action at this point in time, based on the testimony of Mr. Gonzalez and the testimony of the juror. I just put that forward to the court.

Huff's other attorney, Richard Rogers, objected to the state's request for mistrial. In response, Sales told the court: "I think, overall, that mistrial would be appropriate, and we could redo it in three weeks." Rogers again objected to the state's request, but, despite his objections, Judge Villarreal granted the mistrial.

On August 31, 2005, Huff filed a special plea of double jeopardy petition for pre-conviction writ of habeas corpus in which he argued that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibited the State from further prosecuting this cause. On September 16, 2005, Judge Sandra Watts, Presiding Judge of the 117th District Court, held a hearing on the special plea. After receiving evidence and hearing argument, Judge Watts signed an order: (1) denying the special plea of double

3

jeopardy concerning Counts 1-3, capital murder; and (2) dismissing, with prejudice, Counts 4 and 5, engaging in organized criminal activity. This appeal followed.[4]

## B. Discussion

By his sole issue, Huff argues that Counts 1-3, capital murder, are barred from further prosecution because the allegations of engaging in organized criminal activity, Counts 4 and 5, resulting in the two victims' deaths, and the allegations of causing the deaths by capital murder, involve the same elements. The indictment alleged, in relevant part, that Huff:

> [Count 1] did then and there, in the same transaction, intentionally and knowingly cause[d] the death of two individuals, namely, ISAAC MALDONADO and JENNA PATEK, by shooting each with a FIREARM
>
> [Count 2] did then and there, intentionally cause[d] the death of an individual, ISAAC MALDONADO, by SHOOTING HIM WITH A FIREARM while in the course of committing or attempting to commit BURGLARY OF A HABITATION
>
> [Count 3] did then and there, intentionally cause[d] the death of an individual, JENNA PATEK, by SHOOTING HER WITH A FIREARM while in the course of committing or attempting to commit BURGLARY OF A HABITATION
>
> [Count 4] did then and there, as a member of a combination, commit[ted] the offense of murder by shooting ISAAC MALDONADO with a firearm

---

[4]We note that a pre-trial writ of habeas corpus is usually the procedural vehicle by which a defendant should raise a "successive prosecutions for the same offense" double jeopardy claim. *Gonzales v. State,* 8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000) (citing *Ex parte Robinson,* 641 S.W.2d 552, 553-56 (Tex. Crim. App. 1982)). Requiring a defendant to go through trial before appealing a successive prosecutions claim is inconsistent with the double-jeopardy guarantee against the State consecutively trying him for the same offense. *Id.* These considerations do not apply to a multiple-punishments claim because the reviewing court can fully vindicate the claim on appeal following final judgment. *Id.* The court of criminal appeals has, however, addressed double-jeopardy claims in post-trial applications for writ of habeas corpus. *See Ex parte Herron,* 790 S.W.2d 623 (Tex. Crim. App. 1990) (addressing double-jeopardy claim arising from conviction and punishment for both aggravated kidnaping and aggravated robbery in the same trial); *Ex parte Jefferson,* 681 S.W.2d 33 (Tex. Crim. App. 1984) (addressing double-jeopardy claim arising from successive convictions for unauthorized use of a vehicle and theft of the same vehicle).

[Count 5] did then and there, as a member of a combination, commit[ted] the offense of murder by shooting JENNA PATEK, with a firearm . . . .

The Texas Court of Criminal Appeals has "consistently held . . . that the Texas and United States Constitutions' double jeopardy provisions provide substantially identical protections." *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997). The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amends. V and XIV. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 431 U.S. 161, 165 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

The test of whether two offenses constitute the same crime was announced by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Ephraim v. State*, 237 S.W.3d 438, 440 (Tex. App.–Texarkana 2007, no pet.). *Blockburger* provides: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . ." *Blockburger,* 284 U.S. at 304. In other words, "[f]or the purpose of determining whether double jeopardy applies, two offenses are considered the same if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element." *Ephraim,* 237 S.W.3d at 440; *see also Ortega v. State*, 171 S.W.3d 895, 899 (Tex. Crim. App. 2005). The applicable rule is

5

that when "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Ephraim*, 237 S.W.3d at 440 (citing *State v. Remsing,* 829 S.W.2d 400 (Tex. App.–Austin 1992, pet. ref'd)).[5]


## C.  Whether the Offense of Engaging in Organized Criminal Activity is a Separate Offense

Section 71.02 of the Texas Penal Code, Engaging in Organized Criminal Activity, provides, in relevant part:

> (a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:
>
> (1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, aggravated sexual assault, sexual assault, forgery, deadly conduct, assault punishable as a Class A misdemeanor, burglary of a motor vehicle, or unauthorized use of a motor vehicle; . . . .

TEX. PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp. 2007).  The general rule "is that greater inclusive and lesser included offenses are the same for jeopardy purposes."  *Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (citing *Brown,* 432 U.S. at 169). However, the Texas Legislature has expressed its intent to authorize conviction and

---

[5]Before 1982, Texas was "alone" in its interpretation of the "double" jeopardy prohibition, following what was called the doctrine of carving. Under it, the State could carve only one prosecution out of one "transaction" giving rise to the offense. That interpretation was overruled and abandoned in *Ex parte McWilliams,* 634 S.W.2d 815 (Tex. Crim. App. 1982), which contains a detailed discussion of the various elements of the doctrine of carving and the rationale for having abandoned it.

punishment for both engaging in organized criminal activity and any of the underlying offenses listed in section 71.02.  *See* TEX. PENAL CODE ANN. § 71.03(3) (Vernon 2003) ("It is no defense to prosecution under Section 71.02 that: . . . (3) a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02 . . . .").

In *Garrett v. United States*, the United States Supreme Court stated that "[I]t does not violate the Double Jeopardy Clause . . . to prosecute [a continuing criminal enterprise] offense after a prior conviction for one of the predicate offenses."  471 U.S. 773, 793 (1985).  In *United States v. Felix*, the United States Supreme Court stated that "[C]onspiracy to commit an offense and the offense itself . . . are separate offenses for double jeopardy purposes."  503 U.S. 378, 390-91 (1992).[6]

The Tyler Court of Appeals has similarly concluded that:

> [E]ngaging in organized criminal activity is to be treated like conspiracy for double jeopardy purposes, and the Double Jeopardy Clause does not bar successive prosecutions for a substantive offense and for conspiracy to commit that offense, even where the State proves the same conduct in both prosecutions, and even where the previously prosecuted conduct constitutes an overt act in the conspiracy prosecution.

*McGee v. State,* 909 S.W.2d 516, 519 (Tex. App.–Tyler 1995, pet. ref'd) (citing *Lindley v. State,* 855 S.W.2d 729, 730 (Tex. App.–Tyler 1993, no pet.) and *Felix*, 503 U.S.  at 390-91).

At least three other Texas appellate courts have held that a prosecution for a crime does not prohibit a contemporaneous or subsequent prosecution for committing that crime as part of a criminal combination under section 71.02(a) of the Texas Penal Code.  In

---

[6]In *United States v. Felix,* 503 U.S. 378 (1992), the Court was faced with a prosecution for criminal conspiracy after the defendant had already been convicted in a previous trial for some of the same predicate acts.  The Court stated that "the rule" is "that a substantive crime and a conspiracy to commit that crime are not the 'same offence' [sic] for double jeopardy purposes."  *Id*. at 389.

*Reina v. State,* 940 S.W.2d 770 (Tex. App.–Austin 1997, pet. ref'd), the defendant appealed his simultaneous convictions for both attempted murder and a criminal combination (of which the predicate activity was attempted murder), two separate offenses charged in the same indictment. *Id.* at 771-72. Based upon section 71.03(3), the *Reina* court held "the simultaneous prosecution of Reina for attempted murder and engaging in organized criminal activity did not violate the double jeopardy provisions of either the federal or state constitution." *Id.* at 776.

In an attack on the facial validity of section 71.02 under constitutional law, the Fort Worth Court of Appeals also determined that the Texas Legislature, in enacting section 71.03 of the Texas Penal Code, intended "to impose cumulative sentences for the same conduct whether the same are merged offenses or prosecuted separately." *Crumpton v. State,* 977 S.W.2d 763, 770 (Tex. App.–Fort Worth 1998, no pet.). Though *Crumpton* involved only a prosecution under section 71.02 and not for the predicate offense, the appellate court noted that "even if the theft allegation [forming the predicate criminal activity under section 71.02(a)] in the organized criminal activity indictment was the same offense for double jeopardy purposes, nothing would preclude the State from prosecuting both the organized criminal activity offense and the theft offense as separate offenses and seeking separate punishments . . . ." *Id.*

Lastly, in *Lam v. State*, 17 S.W.3d 381 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd), the issue was whether an organized criminal activity charge was separate from the underlying offense for purposes of double jeopardy. The *Lam* court stated:

> Assuming *arguendo* that appellant's Harris County indictment for organized criminal activity had been based on a predicate offense that was substantially the same as one or more of the offenses for which he was

8

charged in Fort Bend County, we hold that his subsequent Fort Bend County indictment was not barred by double jeopardy. An organized criminal activity is a *separate offense, for double jeopardy purposes, from any of the predicate acts listed under sections 71.02(a)(1)-(11) of the Texas Penal Code*.

*Id*. at 385 (emphasis added), *see also Queen v. State,* 940 S.W.2d 781, 787 (Tex. App.–Austin 1997, pet. ref'd) (concluding that offenses of capital murder and engaging in organized criminal activity were not the same for double-jeopardy purposes).

Accordingly, we hold the trial court did not err in denying Huff's special plea of double jeopardy petition for pre-conviction writ of habeas corpus as it related to Counts 1-3 (the capital murder counts) of the indictment. We overrule the issue.

We affirm the trial court's judgment.


ROSE VELA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Memorandum Opinion delivered and
filed this 13th day of March, 2008.