

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,547

**EX PARTE JESSE CHADDOCK, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. WO-401705-K(A) IN THE CRIMINAL DISTRICT COURT 4 FROM DALLAS COUNTY

**COCHRAN, J., filed a concurring opinion in which ALCALA, J., joined.**

I agree with the majority's conclusion. I believe that the Double Jeopardy Clause prohibits applicant's later prosecution for the lesser-included offense of aggravated assault after he has previously been convicted of organized criminal activity for committing that very same aggravated assault.[1] The Texas Legislature has not stated, or even suggested, that a

---

[1] *See Brown v. Ohio*, 432 U.S. 161, 167-69 (1977) ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it. . . . Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."; holding that joyriding is a lesser-included offense of auto theft); *Harris v. Oklahoma*, 433 U.S. 682, 682 (1977) ("When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one.") (per curiam).

defendant who has been convicted of and punished for the greater inclusive offense of organized criminal activity may later be prosecuted for a lesser-included offense that the State necessarily proved (and punished) during the first trial. This is akin to saying that a defendant may be convicted of and punished for capital murder and then reprosecuted for the very same killing under a charge of murder. This Court has held that such double-dipping is prohibited by the Double Jeopardy Clause.[2]

In the present case, the State indicted applicant for engaging in organized criminal activity and alleged, in its indictment, that on or about July 26, 2004, applicant

> did as a member of a criminal street gang, commit aggravated assault by intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's] hand, a deadly weapon.

A jury convicted applicant of this offense as alleged and sentenced him to nineteen years in prison. The State had also indicted applicant for aggravated assault and alleged, in that indictment, that on or about July 26, 2004, applicant

> intentionally, knowingly, and recklessly caus[ed] serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's] hand, a deadly weapon.

A month after the first trial, applicant pled *nolo contendere* to this lesser-included

---

[2] *Ex parte Granger*, 850 S.W.2d 513, 517 (Tex. Crim. App. 1993) ("Since the lesser offense of murder requires no proof beyond that which is required for the greater offense of capital murder, the two offenses are necessarily the 'same' offense for the purposes of double jeopardy.").

offense and was sentenced to ten years in prison. These two indictments contain exactly the same elements (and manners and means allegation), except that the organized criminal activity indictment contains the additional element that applicant committed the aggravated assault as a member of a criminal street gang. The aggravated-assault indictment, therefore, sets out a lesser-included offense of the organized-criminal-activity indictment.

These offenses are "the same" under *Blockburger*.[3] Successive prosecution of the lesser-included offense of aggravated assault after conviction for the greater offense of engaging in organized criminal activity as it was pled in the indictment is explicitly prohibited under long-established Supreme Court double-jeopardy precedent.[4] Applicant was found guilty of (and punished for) the crime of aggravated assault on David Cunniff in the first trial for engaging in organized criminal activities; he cannot be convicted of (and

---

[3] *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *see also Hall v. State*, 225 S.W.3d 524, 532-33 (Tex. Crim. App. 2007) (stating that lesser-included offenses are determined by comparing elements of the offense as modified in the indictment, and explaining that "[p]roblems could result if lesser-included offenses were determined by a comparison of evidence at trial, while jeopardy issues were determined by a comparison of the statutory elements as alleged in the charging instrument, for conviction bars prosecution for a greater or lesser-included offense.").

[4] *In re Nielsen*, 131 U.S. 176, 190 (1889) (a conviction of a greater-inclusive crime bars a subsequent prosecution of a lesser-included one); *see also Brown*, 432 U.S. at 166, 168 ("If two offenses are the same under [the *Blockburger*] test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions"); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (noting that, after the *Dixon* decision, the "core" meaning of *Blockburger* was in dispute; "The only proposition upon which everyone seems to agree is that the greater inclusive and lesser included offenses are the same for jeopardy purposes").

punished) a second time for that very same offense in a later proceeding.

The State argues that aggravated assault need not necessarily be a lesser-included offense of engaging in organized criminal activity because the latter statutory offense also includes a conspiracy element: a defendant "commits an offense if, as a member of a criminal street gang he commits *or conspires to commit*" any of the listed offenses, including aggravated assault. True enough, and if the State had pled a conspiracy to commit aggravated assault in its organized-criminal-activity indictment, then the State could bring a successive prosecution for the completed offense of aggravated assault. A conspiracy to commit a crime and the completed crime are not the "same" offense under *Blockburger*.[5]

The State also relies on *Garza v. State*,[6] in which we held that the defendant could be tried and convicted in a single proceeding of (1) capital murder, and (2) engaging in

---

[5] *United States v. Felix*, 503 U.S. 378, 384, 389 (1992) (defendant could be prosecuted for criminal conspiracy after he had been convicted in a previous trial for some of the same predicate acts; double jeopardy did not bar second prosecution because of the longstanding "rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes."); *see McGee v. State*, 909 S.W.2d 516, 519 (Tex. App.–Tyler 1995, pet. ref'd) (double jeopardy did not bar subsequent prosecution for organized criminal activity when indictment alleged conspiracy to commit drug offense after defendant had been convicted of substantive drug offense); *Lindley v. State*, 855 S.W.2d 729, 729-30 (Tex. App.–Tyler 1993, pet. ref'd) (no double jeopardy violation when defendant was first convicted of aggravated possession of cocaine and subsequently prosecuted for engaging in organized criminal activity by conspiring to commit the same aggravated cocaine possession); *see also United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994) ("A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. . . . Accordingly, the government may prosecute successively a conspiracy and the substantive offenses it encompasses. This rule has been interpreted to allow prosecution of a defendant once for a RICO conspiracy and thereafter for the predicate offenses constituting a pattern of racketeering activity.") (citations omitted).

[6] 213 S.W.3d 338 (Tex. Crim. App. 2007).

organized criminal activity by committing capital murder as a member of a criminal street gang.[7]  In *Garza*, we relied, in part, on Penal Code Section 71.03(3) which states that "It is no defense to prosecution under 71.02 that . . . a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]"[8] Thus, in a trial for engaging in organized criminal activity, the defendant cannot claim that he has a defense to prosecution because he had already been "charged with, acquitted, or convicted of" any of the substantive offenses (such as aggravated assault) listed in Section 71.02(a).  The gravamen of the organized-crime offense is the additional harm and danger to the public of having the members of a criminal organization working together to commit crimes on an ongoing basis.[9]  That is why the punishment range for a conviction under the organized criminal activity statute is one degree higher than for the substantive offense itself.[10]

But if the State has already obtained its enhanced punishment for the greater

---

[7] *Id.* at 351-52.

[8] TEX. PENAL CODE § 71.03(3).

[9] TEX. PENAL CODE § 71.01(a) & 71.02; *see Hart v. State*, 89 S.W.3d 61, 63 (Tex. Crim. App. 2002) (In prosecution of engaging in organized crime case, State must prove that defendant intended to establish, maintain, participate in or participate in the profits of a combination–a group of three or more–whose members collaborate in carrying on criminal activities); *Nguyen v. State*, 1 S.W.3d 694, 696 (Tex. Crim. App. 1999) (offense of engaging in organized criminal activity requires proof that combination was an ongoing enterprise, not the collaboration of its members to commit a single crime; the language implies "an element of continuity").

[10] TEX. PENAL CODE § 71.02(b) ("Except as provided in Subsections (c) and (d), an offense under this section is one category higher than the most serious offense listed in Subsection (a) that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a state jail felony, except that if the most serious offense is a felony of the first degree, the offense is a felony of the first degree.").

offense–an aggravated assault committed by one acting as a member of a criminal street gang–it cannot later retry the actor for the same underlying aggravated assault.[11] And Section 71.03(3) does not suggest that this is the Legislature's intent. That "no defense" provision applies only when the State is prosecuting the *greater* offense of engaging in organized criminal activity. In the prosecution for the enhanced crime, the defendant cannot bar the prosecution claiming double jeopardy based upon his having been charged with, acquitted, or convicted of the lesser, substantive offense.[12] But here we have the reverse situation: prosecution of the lesser-included offense after conviction of the greater offense. The Section 71.03(3) "no defense" provision says nothing about the validity of a double-jeopardy claim when the defendant has already been convicted of engaging in organized criminal activity and is later being prosecuted for the lesser-included substantive offense. The Legislature has indicated no intent to have a defendant serially prosecuted and punished for the greater offense and then prosecuted again for the lesser-included offense that the jury has

---

[11] *See, e.g., Rutledge v. United States*, 517 U.S. 292, 297-301 (1996) (Under *Blockburger*, conspiracy to distribute controlled substances is lesser-included offense of conducting continuing criminal enterprise (CCE) and double jeopardy prohibits cumulative punishment for both; the "in concert" element of CCE offense implies agreement in common plan or enterprise and requires proof of conspiracy that would also violate statute on conspiracy to distribute controlled substances, and conspiracy statute does not require proof of any fact that is not also part of the CCE offense); *see also Ball v. United States*, 470 U.S. 856, 861-64 (1985) (concluding that multiple prosecutions were barred because statutes directed at "receipt" and "possession" of a firearm amounted to the "same offense," in that proof of receipt *"necessarily"* included proof of possession); *Whalen v. United States,* 445 U.S. 684, 691-95 (1980) (holding that two punishments could not be imposed because rape and felony murder predicated on the rape were the "same offense").

[12] *See, e.g., Garrett v. United States*, 471 U.S. 773 (1985).

already punished him for committing.[13]

When conviction of the greater crime necessarily requires conviction of the lesser crime, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. This has been bedrock American law since at least *In re Nielsen* in 1889. I think it should remain that way. I therefore agree that applicant is entitled to relief.

Filed: June 27, 2012
Publish

---

[13] The State suggests that some of the discussion in *Dixon v. United States*, 509 U.S. 688 (1993), would permit this type of successive prosecution of first the greater and then the lesser-included offense, but that does not explain how the Supreme Court reaffirmed its longstanding double-jeopardy prohibition against successive prosecution for both the greater and lesser-included offense in its unanimous opinion in *Rutledge*, delivered three years after *Dixon*.