IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,547






EX PARTE JESSE CHADDOCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. WO-401705-K(A) IN THE CRIMINAL DISTRICT COURT 4


FROM DALLAS COUNTY






 Cochran, J., filed a concurring opinion in which Alcala, J., joined.


 I agree with the majority's conclusion. I believe that the Double Jeopardy Clause
prohibits applicant's later prosecution for the lesser-included offense of aggravated assault
after he has previously been convicted of organized criminal activity for committing that very
same aggravated assault. (1) The Texas Legislature has not stated, or even suggested, that a
defendant who has been convicted of and punished for the greater inclusive offense of
organized criminal activity may later be prosecuted for a lesser-included offense that the
State necessarily proved (and punished) during the first trial. This is akin to saying that a
defendant may be convicted of and punished for capital murder and then reprosecuted for the
very same killing under a charge of murder. This Court has held that such double-dipping
is prohibited by the Double Jeopardy Clause. (2) 

 In the present case, the State indicted applicant for engaging in organized criminal
activity and alleged, in its indictment, that on or about July 26, 2004, applicant 

 did as a member of a criminal street gang, commit aggravated assault by
intentionally, knowingly, and recklessly causing serious bodily injury to
DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a
deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's]
hand, a deadly weapon.


A jury convicted applicant of this offense as alleged and sentenced him to nineteen years in
prison. The State had also indicted applicant for aggravated assault and alleged, in that
indictment, that on or about July 26, 2004, applicant

 intentionally, knowingly, and recklessly caus[ed] serious bodily injury to
DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a
deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's]
hand, a deadly weapon.


 A month after the first trial, applicant pled nolo contendere to this lesser-included
offense and was sentenced to ten years in prison. These two indictments contain exactly the
same elements (and manners and means allegation), except that the organized criminal
activity indictment contains the additional element that applicant committed the aggravated
assault as a member of a criminal street gang. The aggravated-assault indictment, therefore,
sets out a lesser-included offense of the organized-criminal-activity indictment. 

 These offenses are "the same" under Blockburger. (3) Successive prosecution of the
lesser-included offense of aggravated assault after conviction for the greater offense of
engaging in organized criminal activity as it was pled in the indictment is explicitly
prohibited under long-established Supreme Court double-jeopardy precedent. (4) Applicant was
found guilty of (and punished for) the crime of aggravated assault on David Cunniff in the
first trial for engaging in organized criminal activities; he cannot be convicted of (and
punished) a second time for that very same offense in a later proceeding.

 The State argues that aggravated assault need not necessarily be a lesser-included
offense of engaging in organized criminal activity because the latter statutory offense also
includes a conspiracy element: a defendant "commits an offense if, as a member of a criminal
street gang he commits or conspires to commit" any of the listed offenses, including
aggravated assault. True enough, and if the State had pled a conspiracy to commit
aggravated assault in its organized-criminal-activity indictment, then the State could bring
a successive prosecution for the completed offense of aggravated assault. A conspiracy to
commit a crime and the completed crime are not the "same" offense under Blockburger. (5) 

 The State also relies on Garza v. State, (6) in which we held that the defendant could be
tried and convicted in a single proceeding of (1) capital murder, and (2) engaging in
organized criminal activity by committing capital murder as a member of a criminal street
gang. (7) In Garza, we relied, in part, on Penal Code Section 71.03(3) which states that "It is
no defense to prosecution under 71.02 that . . . a person has been charged with, acquitted, or
convicted of any offense listed in Subsection (a) of Section 71.02[.]" (8) Thus, in a trial for
engaging in organized criminal activity, the defendant cannot claim that he has a defense to
prosecution because he had already been "charged with, acquitted, or convicted of" any of
the substantive offenses (such as aggravated assault) listed in Section 71.02(a). The
gravamen of the organized-crime offense is the additional harm and danger to the public of
having the members of a criminal organization working together to commit crimes on an
ongoing basis. (9) That is why the punishment range for a conviction under the organized
criminal activity statute is one degree higher than for the substantive offense itself. (10)

 But if the State has already obtained its enhanced punishment for the greater
offense-an aggravated assault committed by one acting as a member of a criminal street
gang-it cannot later retry the actor for the same underlying aggravated assault. (11) And Section
71.03(3) does not suggest that this is the Legislature's intent. That "no defense" provision
applies only when the State is prosecuting the greater offense of engaging in organized
criminal activity. In the prosecution for the enhanced crime, the defendant cannot bar the
prosecution claiming double jeopardy based upon his having been charged with, acquitted,
or convicted of the lesser, substantive offense. (12) But here we have the reverse situation:
prosecution of the lesser-included offense after conviction of the greater offense. The
Section 71.03(3) "no defense" provision says nothing about the validity of a double-jeopardy
claim when the defendant has already been convicted of engaging in organized criminal
activity and is later being prosecuted for the lesser-included substantive offense. The
Legislature has indicated no intent to have a defendant serially prosecuted and punished for
the greater offense and then prosecuted again for the lesser-included offense that the jury has
already punished him for committing. (13)

 When conviction of the greater crime necessarily requires conviction of the lesser
crime, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of
the greater one. This has been bedrock American law since at least In re Nielsen in 1889. 
I think it should remain that way. I therefore agree that applicant is entitled to relief.

Filed: June 27, 2012

Publish


 


 
1. See Brown v. Ohio, 432 U.S. 161, 167-69 (1977) ("The greater offense is therefore by
definition the 'same' for purposes of double jeopardy as any lesser offense included in it. . . .
Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and
cumulative punishment for a greater and lesser included offense."; holding that joyriding is a
lesser-included offense of auto theft); Harris v. Oklahoma, 433 U.S. 682, 682 (1977) ("When, as
here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime,
robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after
conviction of the greater one.") (per curiam).
2. Ex parte Granger, 850 S.W.2d 513, 517 (Tex. Crim. App. 1993) ("Since the lesser
offense of murder requires no proof beyond that which is required for the greater offense of
capital murder, the two offenses are necessarily the 'same' offense for the purposes of double
jeopardy.").
3. Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or
transaction constitutes a violation of two distinct statutory provisions, the test to be applied to
determine whether there are two offenses or only one, is whether each provision requires proof of
a fact which the other does not."); see also Hall v. State, 225 S.W.3d 524, 532-33 (Tex. Crim.
App. 2007) (stating that lesser-included offenses are determined by comparing elements of the
offense as modified in the indictment, and explaining that "[p]roblems could result if lesser-included offenses were determined by a comparison of evidence at trial, while jeopardy issues
were determined by a comparison of the statutory elements as alleged in the charging instrument,
for conviction bars prosecution for a greater or lesser-included offense.").
4. In re Nielsen, 131 U.S. 176, 190 (1889) (a conviction of a greater-inclusive crime bars a
subsequent prosecution of a lesser-included one); see also Brown, 432 U.S. at 166, 168 ("If two
offenses are the same under [the Blockburger] test for purposes of barring consecutive sentences
at a single trial, they necessarily will be the same for purposes of barring successive
prosecutions"); Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (noting that, after
the Dixon decision, the "core" meaning of Blockburger was in dispute; "The only proposition
upon which everyone seems to agree is that the greater inclusive and lesser included offenses are
the same for jeopardy purposes").
5. United States v. Felix, 503 U.S. 378, 384, 389 (1992) (defendant could be prosecuted for
criminal conspiracy after he had been convicted in a previous trial for some of the same predicate
acts; double jeopardy did not bar second prosecution because of the longstanding "rule that a
substantive crime and a conspiracy to commit that crime are not the 'same offence' for double
jeopardy purposes."); see McGee v. State, 909 S.W.2d 516, 519 (Tex. App.-Tyler 1995, pet.
ref'd) (double jeopardy did not bar subsequent prosecution for organized criminal activity when
indictment alleged conspiracy to commit drug offense after defendant had been convicted of
substantive drug offense); Lindley v. State, 855 S.W.2d 729, 729-30 (Tex. App.-Tyler 1993, pet.
ref'd) (no double jeopardy violation when defendant was first convicted of aggravated possession
of cocaine and subsequently prosecuted for engaging in organized criminal activity by conspiring
to commit the same aggravated cocaine possession); see also United States v. Saccoccia, 18 F.3d
795, 798 (9th Cir. 1994) ("A substantive crime and a conspiracy to commit that crime are not the
same offense for double jeopardy purposes. . . . Accordingly, the government may prosecute
successively a conspiracy and the substantive offenses it encompasses. This rule has been
interpreted to allow prosecution of a defendant once for a RICO conspiracy and thereafter for the
predicate offenses constituting a pattern of racketeering activity.") (citations omitted).
6. 213 S.W.3d 338 (Tex. Crim. App. 2007).
7. Id. at 351-52.
8. Tex. Penal Code § 71.03(3).
9. Tex. Penal Code § 71.01(a) & 71.02; see Hart v. State, 89 S.W.3d 61, 63 (Tex. Crim.
App. 2002) (In prosecution of engaging in organized crime case, State must prove that defendant
intended to establish, maintain, participate in or participate in the profits of a combination-a
group of three or more-whose members collaborate in carrying on criminal activities); Nguyen v.
State, 1 S.W.3d 694, 696 (Tex. Crim. App. 1999) (offense of engaging in organized criminal
activity requires proof that combination was an ongoing enterprise, not the collaboration of its
members to commit a single crime; the language implies "an element of continuity").
10. Tex. Penal Code § 71.02(b) ("Except as provided in Subsections (c) and (d), an
offense under this section is one category higher than the most serious offense listed in
Subsection (a) that was committed, and if the most serious offense is a Class A misdemeanor, the
offense is a state jail felony, except that if the most serious offense is a felony of the first degree,
the offense is a felony of the first degree.").
11. See, e.g., Rutledge v. United States, 517 U.S. 292, 297-301 (1996) (Under Blockburger,
conspiracy to distribute controlled substances is lesser-included offense of conducting continuing
criminal enterprise (CCE) and double jeopardy prohibits cumulative punishment for both; the "in
concert" element of CCE offense implies agreement in common plan or enterprise and requires
proof of conspiracy that would also violate statute on conspiracy to distribute controlled
substances, and conspiracy statute does not require proof of any fact that is not also part of the
CCE offense); see also Ball v. United States, 470 U.S. 856, 861-64 (1985) (concluding that
multiple prosecutions were barred because statutes directed at "receipt" and "possession" of a
firearm amounted to the "same offense," in that proof of receipt "necessarily" included proof of
possession); Whalen v. United States, 445 U.S. 684, 691-95 (1980) (holding that two
punishments could not be imposed because rape and felony murder predicated on the rape were
the "same offense").
12. See, e.g., Garrett v. United States, 471 U.S. 773 (1985).
13. The State suggests that some of the discussion in Dixon v. United States, 509 U.S. 688
(1993), would permit this type of successive prosecution of first the greater and then the lesser-included offense, but that does not explain how the Supreme Court reaffirmed its longstanding
double-jeopardy prohibition against successive prosecution for both the greater and lesser-included offense in its unanimous opinion in Rutledge, delivered three years after Dixon.